UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS CORPORATION, BRUCE MERKIS and HARVEY JACKSON;<br><br>    Defendants. | CIVIL ACTION No. 04 CV 11107 WGY |

ANSWER OF DEFENDANTS
VERIZON COMMUNICATIONS, INC. AND BRUCE MERKIS

Defendants Verizon Communications, Inc.[1] ("Verizon") and Bruce Merkis ("Merkis") (collectively "Defendants") hereby answer the Complaint of Plaintiff James M. Sultan ("Sultan").

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each of the numbered paragraphs of the Complaint, Defendants respond as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of paragraph 1 of the Complaint.

2. Defendants admit that a subsidiary of Verizon maintains a facility at the address listed and otherwise deny the allegations of paragraph 2 of the Complaint.

3. Defendants admit that Sultan is over 40 years of age, that Bela Hasek and Earl Hinkley were part of a reduction in force, that Sultan was insubordinate when he insisted that

---

[1] The Complaint incorrectly names Verizon as Verizon Communications Corp.

FHBoston/1059937.1

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

Hasek be a present at a meeting, and that Sultan's employment was terminated on May 1, 2001, and otherwise deny the allegations of paragraph 3.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred because Sultan failed to satisfy the administrative prerequisites to filing suit.

### FIFTH DEFENSE

Sultan failed to timely file a charge of discrimination with either the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination.

### SIXTH DEFENSE

The Court lacks personal jurisdiction over Merkis.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are preempted by the National Labor Relations Act.

### EIGHTH DEFENSE

The National Labor Relations Board has exclusive jurisdiction over some of Plaintiff's claims.

### NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of res judicata.

### TENTH DEFENSE

Some or all of Plaintiff's claims fail as a matter of law because Sultan's employment with Verizon was at-will.

### ELEVENTH DEFENSE

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

The termination of Plaintiff's employment was for legitimate, non-discriminatory reasons.

## TWELFTH DEFENSE

Sultan's alleged injuries, if any, are barred by the exclusivity provisions of the Worker's Compensation Act.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages are not recoverable as they are speculative.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims fail because of job abandonment.

WHEREFORE, Defendants respectfully request that the Court dismiss Sultan's Complaint, grant judgment to them on all counts of the Complaint, award them their attorneys' fees and costs incurred in bringing this action and grant such other relief as the Court deems just and proper.

VERIZON COMMUNICATIONS, INC.
AND BRUCE MERKIS

By their attorneys,

 s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated:  May 28, 2004

FHBoston/1059937.1                          - 3 -

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

    I, Robert A. Fisher, hereby certify that on May 28, 2004 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon plaintiff who is pro se and counsel of record for each other party in this matter.

                                                                                                 s/ Robert A. Fisher

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com