UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN -2 P 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JAMES M. SULTAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-11107-MLW |
| ) | |
| VERIZON COMMUNICATIONS ) | |
| CORPORATION, BRUCE MERKIS ) | |
| and HARVEY JACKSON, ) | |
| ) | |
| Defendants. ) | |

# CERTIFIED DOCKET AND RECORD FROM
## SUFFOLK SUPERIOR COURT, CIVIL ACTION NO. 04-1855-E

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV2004-01855
## Sultan v Verizon Communications Corporation et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/30/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/27/2004 | **Session** | E - Civil E | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 07/29/2004 | **Answer** | 09/27/2004 | **Rule12/19/20** | 09/27/2004 |
| **Rule 15** | 09/27/2004 | **Discovery** | 02/24/2005 | **Rule 56** | 03/26/2005 |
| **Final PTC** | 04/25/2005 | **Disposition** | 06/24/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
James M Sultan
12 Rangeley St
Boston, MA 02124
Active 04/30/2004 Notify

**Defendant**
Verizon Communications Corporation
Service pending 04/30/2004

**Private Counsel 494140**
Arthur G Telegen
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: 617-832-1000
Fax: 617-832-7000
Active 05/27/2004 Notify

**Private Counsel 643797**
Robert A Fisher
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110-2600
Phone: 617-842-1000
Fax: 617-832-7000
Active 05/27/2004 Notify

**Defendant**
Bruce Merkins
Service pending 04/30/2004

**Private Counsel 494140**
Arthur G Telegen
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: 617-832-1000
Fax: 617-832-7000
Active 05/27/2004 Notify

MAS-20030912      Case 1:04-cv-11107-MLW    Document 6    Filed 06/02/2004    Page 3 of 13     05/27/2004
guen                         Commonwealth of Massachusetts                        02:37 PM
                                SUFFOLK SUPERIOR COURT
                                       Case Summary
                                         Civil Docket

## SUCV2004-01855
## Sultan v Verizon Communications Corporation et al

| | |
|---|---|
| | **Private Counsel 643797**<br>Robert A Fisher<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02110-2600<br>Phone: 617-842-1000<br>Fax: 617-832-7000<br>Active 05/27/2004 Notify |
| **Defendant**<br>Harvey Jackson<br>Service pending 04/30/2004 | **Private Counsel 494140**<br>Arthur G Telegen<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>Phone: 617-832-1000<br>Fax: 617-832-7000<br>Active 05/27/2004 Notify |
| | **Private Counsel 643797**<br>Robert A Fisher<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02110-2600<br>Phone: 617-842-1000<br>Fax: 617-832-7000<br>Active 05/27/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/30/2004 | 1.0 | Complaint |
| 04/30/2004 | | Origin 1, Type B22, Track F. |
| 04/30/2004 | 2.0 | Civil action cover sheet filed |
| 05/27/2004 | | Certified copy of petition for removal ro U. S. Dist. Court of Defts. Verizon Communications Inc., Bruce Merkis and Harvey Jackson U. S. Dist.#(04-CV11107WGY). |
| 05/27/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

MAY 27, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. 04-1855-E

James M. Sultan
PLAINTIFF(S)      (PRINT NAME CLEARLY)

VS.                                                          COMPLAINT

Verizon Communications Corporation, Bruce Merkis, and Harvey Jackson
DEFENDANT(S)      (PRINT NAME CLEARLY)

### PARTIES

1. Plaintiff(s) reside(s) at 12 Rangeley Street, Dorchester Center, MA 02124-5204
   Street                                City or Town
   in the County of Suffolk

2. Defendant(s) reside(s) at Verizon Communications, 2 Blue Hill Plaza, Pearl River, NY 10965
   in the County of Rockland

### FACTS

3. I, James M. Sultan, claim that Verizon Communications Willfully discriminated against me because my age and used Bruce Merkis and Harvey Jackson (both employees of Verizon) as agents to carry out this discriminatory act. I further claim in the year 2001 when Verizon downsized the Boston group that only three people were terminated: Earl Hinkley, Bela Hasak and myself, James M. Sultan. Also, each of the three terminated employees listed above were over 40-years of age at the time of termination.

I, also, claim that Verizon Communications Corporation replaced our job position with contract workers from the Ajilon Corporation located at One Van de Graaff Drive, Burlington, MA 01803.

I, James M. Sultan, further claim that Verizon Communications Corp. violated Section 8(a)(1) of the Weingarten Act by not allowing me to have a coworker present at, what I believed to be investigatory at the time, a meeting that was finally scheduled for May 2, 2001. The meeting parties representing Verizon were to include Harvey Jackson, Joe Conte, and Thomas Boyle. I requested from Harvey Jackson, my boss, that my coworker, Bela Hasek, also be present at the meeting. Upon checking with the Verizon Human Resource Department, Harvey Jackson and Joe Conte met with me on May 1, 2001 to tell me that my request to have my cowoker Bela Hasek was denied and the meeting was scheduled for May 2, 2001. Harvey Jackson gave me a letter stating Verizon position on having coworkers present. I informed Harvey, once again, under the Weingarten Act that I had a right to request a coworker be present. Harvey Jackson then told me that if I made the request again I would be terminated for insubordination. I did make the request again and was fired by Harvey Jackson on 5/1/01. I had planned to attend the 5/2/01 meeting in any event.

WHEREFORE, plaintiff demands that:

Verizon Communications Corporation reinstate me to my former position. And compensate me for all lost wages, bonuses and stock options and all other benefits that would have been afforded to me under my job position of Systems Engineer, including medical condition of a damage spine caused from working over 18 years on computer sytems at Verizon Communications Corporation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATE April 28, 2004

Signature of Plaintiff(s): *James M. Sultan*

Street Address: 12 Rangeley Street

City/Town: Dorchester Center, MA 02124-5204

Telephone: (617) 822-1367

, HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO. 04-1855-E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S): James M. Sultan | | DEFENDANT(S): Verizon Communications Corporation, Bruce Merkis and Harvey Jackson |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: John May, 1095 Avenue of Americas, New York, NY 10036 | | ATTORNEY (if known): Not known at this time. |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s.97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $ 64,000
2. Total Doctor expenses ............................................ $
3. Total chiropractic expenses ......... See attached ............. $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe) .................................. $
Subtotal $ 64,000

B. Documented lost wages and compensation to date ............... $ 438,212
C. Documented property damages to date ............................ $
D. Reasonably anticipated future medical and hospital expenses ... $ 120,000
E. Reasonably anticipated lost wages + 401k, Bonuses, stock options, pension, severance pay .. $ 3,128,163
F. Other documented items of damages (describe) ................... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe):
Suffered slight spinal damage in neck area which cause disc in neck to rub up against nerves, thus causing neck and shoulder pain with slight paralysis in left arm. This is the result of working on desktop computers for over 18 years at the Verizon Communications Corp.

TOTAL $ 3,750,375

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____James M. Sultan_____   DATE: 4-28-2004

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 27, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

James M. Sultan vs. Verizon Corp., Bruce Merkis, and Harvey Jackson

| Year | Age | *Salary | '401k | @75% match | Bonus | Stocks Options | Pension | ~Pension Profit | Medical | Severance Pay | Legal Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | 52 | *50,000* | 1,500 | *1,125* | *15,000* | *50,000* | 100,000 | *7,000* | *8,000* | 64,000 | 50,000 |
| 2002 | 53 | *77,250* | 4,635 | *3,476* | *15,000* | | 107,000 | *7,490* | *8,000* | | |
| 2003 | 54 | *79,568* | 4,774 | *3,581* | *15,000* | | 122,504 | *15,014* | *8,000* | | |
| 2004 | 55 | *81,955* | 4,917 | *3,688* | *15,000* | | 131,079 | *16,065* | *8,000* | | |
| 2005 | 56 | 84,413 | 5,065 | 3,799 | 15,000 | 25,000 | 140,255 | 24,190 | 8,000 | | |
| 2006 | 57 | 86,946 | 5,217 | 3,913 | 15,000 | | 150,073 | 25,883 | 8,000 | | |
| 2007 | 58 | 89,554 | 5,373 | 4,030 | 15,000 | | 160,578 | 34,695 | 8,000 | | |
| 2008 | 59 | 92,241 | 5,534 | 4,151 | 15,000 | 25,000 | 171,818 | 37,123 | 8,000 | | |
| 2009 | 60 | 95,008 | 5,700 | 4,275 | 15,000 | | 183,845 | 46,722 | 8,000 | | |
| 2010 | 61 | 97,858 | 5,871 | 4,403 | 15,000 | | 196,715 | 49,993 | 8,000 | | |
| 2011 | 62 | 100,794 | 6,048 | 4,536 | 15,000 | 25,000 | 210,485 | 60,492 | 8,000 | | |
| 2012 | 63 | 103,818 | 6,229 | 4,672 | 15,000 | | 225,219 | 64,727 | 8,000 | | |
| 2013 | 64 | 106,932 | 6,416 | 4,812 | 15,000 | | 240,984 | 76,257 | 8,000 | | |
| 2014 | 65 | 110,140 | 6,608 | 4,956 | 15,000 | 25,000 | 257,853 | 81,596 | 8,000 | | |
| 2015 | 66 | 113,444 | 6,806 | 5,104 | 15,000 | | 275,903 | 94,307 | 8,000 | | |
| 2016 | 67 | 116,848 | 7,011 | 5,258 | 15,000 | | 295,216 | 100,909 | 8,000 | | |
| 2017 | 68 | 120,353 | 7,221 | 5,416 | 15,000 | 25,000 | 315,881 | 114,972 | 8,000 | | |
| 2018 | 69 | 123,964 | 7,439 | 5,579 | 15,000 | | 337,993 | 123,021 | 8,000 | | |
| 2019 | 70 | 127,682 | 7,660 | 5,745 | 15,000 | | 361,653 | 138,632 | 8,000 | | |
| --- | --- | | ---- | | | | ------- | | 56,000 | | |
| Total | | $1,858,768 | | $82,519 | $285,000 | $175,000 | | $1,119,088 | $208,000 | $64,000 | $50,000 |

**Grand Total = $3,842,375**

Bold Italic area (1st four rows of table) indicates lost wages and compensation from 5/1/2002 until end of 2004
*Salary is based on a 3% inflation rate increase per year.
~Pension profit calculation based on $100,000 in account as of 5/1/2001 with the standard %7 Verizon increase per year.
`401k based on a 6% contribution of salary

*Above calculation based on anticipating working until age 70.*

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

JAMES M. SULTAN,

    Plaintiff,

v.

VERIZON COMMUNICATIONS
CORPORATION, BRUCE MERKIS and
HARVEY JACKSON,

    Defendants.

CIVIL ACTION No. 04

04 CV 11107 WGY

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants Verizon Communications Inc. ("Verizon"), incorrectly named as Verizon Communications Corporation, Bruce Merkis ("Merkis"), and Harvey Jackson ("Jackson") hereby notice the removal of the above-captioned matter from the Superior Court for Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-1855-E. In support thereof, the Defendants state the following:

1. Defendants Verizon and Merkis were served with a copy of the summons, complaint and civil action cover sheet in this action on May 10, 2004.

2. True and correct copies of the summons, complaint and civil action cover sheet served on Verizon and Merkis are attached hereto as Exhibit A and constitute all process, pleadings and orders served upon those defendants in this action.

3. Defendant Jackson has not been served with process in this action, and by joining in this notice of removal, does not waive and expressly reserves any and all rights and/or defenses as to service or the insufficiency thereof.

FHBoston/1059300.1

4. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Defendants Verizon and Merkis first received a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based as set forth above.

5. The complaint alleges that Plaintiff worked as an employee of Verizon until his employment was involuntarily terminated on or about May 1, 2001.

6. Paragraphs 3 and 4 of the complaint alleges that Plaintiff's employment termination was due to age discrimination (Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.) and that he was terminated for requesting his *Weingarten* rights in violation of Section 8(a)(1) of the National Labor Relations Act (29 U.S.C. § 151, et seq.). As Plaintiff's claims are based upon federal statutes, the United States District Court has original jurisdiction. See 28 U.S.C. § 1331.

7. This case is removable to this Court pursuant to 28 U.S.C. § 1441.

8. Pursuant to 28 U.S.C. § 1446(d), the defendants will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts, and will also serve a copy upon Plaintiff who is pro se and any other counsel of record.

WHEREFORE, Defendants Verizon Communications Inc., Bruce Merkis and Harvey Jackson jointly request that the action now pending against them in the Superior Court of Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-1885-E, be removed to this Court.

Respectfully submitted,

VERIZON COMMUNICATIONS INC, BRUCE MERKIS, and HARVEY JACKSON,

By their attorneys,

/s/ Arthur G. Telegen
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 26, 2004

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 5/26/04.

/s/

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                           SUPERIOR COURT

|  |  |
|---|---|
| JAMES M. SULTAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
|  | ) NO. 04-1855-E |
| VERIZON COMMUNICATIONS | ) |
| CORPORATION, BRUCE MERKIS and | ) |
| HARVEY JACKSON, | ) |
| Defendants. | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE CLERK OF SUFFOLK SUPERIOR COURT:**

Please take notice that on May 26, 2004, Defendants Verizon Communications Corporation, Bruce Merkis and Harvey Jackson filed a Joint Notice of Removal in the above-captioned case with the United States District Court for the District of Massachusetts. A certified copy of the Joint Notice of Removal is filed herewith.

VERIZON COMMUNICATIONS
CORPORATION, BRUCE MERKIS
and HARVEY JACKSON,

By their attorneys,

Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 26, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 5/26/04

FHBoston/1060224.1

04001290

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-1855-E

James M. Sultan, Plaintiff(s)

v.

Bruce Merkis, Harry Jackson, Verizon, Defendant(s)

## SUMMONS

2004 MAY 10 PM 12: [illegible] RECEIVED

To the above-named Defendant: Bruce Merkis

You are hereby summoned and required to serve upon James M. Sultan plaintiff's attorney, whose address is P.O. Box 961227, Boston, MA 02196, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 30 day of April, in the year of our Lord two thousand 2004.

Michael Joseph Donovan
Clerk/Magistrate

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY. PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

FILED
IN CLERKS OFFICE

2004 JUN -2  P 12:26

U.S. DISTRICT COURT
DISTRICT OF MASS

Andrea Husher Carter
Senior Paralegal
Boston Office
617.832.1761
acarter@foleyhoag.com

June 1, 2004

**By Hand**

Civil Clerk's Office
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    **James M. Sultan v. Verizon Communications Corporation, Bruce Merkis and Harvey Jackson**
           **Civil Action No. 04-11107-MLW**

Dear Sir or Madam:

    Enclosed for filing in the captioned removed action please find the court-certified record from Suffolk Superior Court.

    This should complete the removal process for this matter.

    Thank you for your assistance.

Very truly yours,

Andrea Husher Carter

Enclosures
cc:   James M. Sultan
       Robert A. Fisher, Esq.

FHBoston/1062647.1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP         BOSTON         WASHINGTON, DC         www.foleyhoag.com