UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *****
James M. Sultan                         *
                                        *
   Plaintiff                            *
                                        *
v.                                      *    CIVIL ACTION NO.
                                        *    04-11107-MLW
VERIZON COMMUNICATIONS CORP.,*
et al.                                  *
   Defendants                           *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * ******
```

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1**

Now come the parties in the captioned action and, pursuant to FRCP 16(b), Local Rule 16.1, and the Notice of Scheduling Conference, the parties respectfully submit the following Joint Statement.

**I.      SUMMARY OF POSITIONS**

A.  Plaintiff's Position

This action is brought by James Sultan against Verizon Communications Corporation, his former employer.  Mr. Sultan alleges that Verizon Communications Corporation and the individuals named as defendants discriminated against him on the basis of his age (52 at the time of the unlawful conduct when they terminated his employment on May 1, 2001).  Defendants further violated Section 8(a) (1) of the National Labor Relations Act, 29 U.S. C. §151 et seq., when they denied Mr. Sultan his "Weingarten rights to representation at an investigatory meeting that could result

1

in the imposition of discipline.[1]  Mr. Sultan seeks compensation for the grave harm he suffered and continues to suffer as a result of the actions and omissions of the defendants. He seeks to be made whole for any economic damages, including lost wages, benefits and related damages; compensatory and punitive damages as available under the pertinent statutes; reinstatement; as well attorney's fees and costs.

Plaintiff filed his complaint *pro se* in Suffolk Superior Court on April 30, 2004. In his Complaint, he alleges that he was unlawfully terminated because of unlawful age discrimination.[2] It is undisputed that Plaintiff's employment was terminated on May 1, 2001.

Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination, as well as the Equal Employment Opportunity Commission. Defendants participated in the investigation of these claims.

This matter was removed by Defendants on the basis that the Complaint raised claims arising under the Age Discrimination in Employment Act of 1967, 29 U. S. C. §621, et seq. Defendants' however ignore the fact that Plaintiff also has a state law age discrimination clam pursuant to M.G.L.A. c.151B §9.  The statute of limitations for bringing that claim is three years from the date of the alleged unlawful

---

[1]  Plaintiff agrees with Defendants that the Weingarten claim is not cognizable before this Court.  A motion to amend the Complaint will be filed seeking to dismiss this claim.

[2]  Nowhere in the Complaint does Plaintiff concede that he agrees he was terminated for insubordination.  The Complaint is clear that he believes he was terminated due to unlawful consideration of his age.

conduct.  Given the undisputed fact that Plaintiff was terminated on May 1, 2001 it is patent that his state law age discrimination claim was timely filed.[3]

B.   Defendants' Position[4]

Defendants Verizon Communications, Inc.[5] ("Verizon") and Bruce Merkis ("Merkis") (collectively "Defendants") submit that Plaintiff James Sultan's ("Sultan") complaint fails to state a claim upon which relief can be granted. Sultan was employed as System Engineer.  In March 2001, Verizon concluded, as part of its normal performance appraisal process, that Sultan's job performance needed improvement and placed him on a performance improvement plan ("PIP").  On March 22, 2001, Sultan wrote on his appraisal that it was a "smokescreen" for eliminating older workers in favor of younger workers.  Verizon disputes that assertion.

On April 26, 2001, Sultan was to meet with his manager regarding the PIP and requested that a co-worker named Bela Hasek attend the meeting.  Verizon refused to honor that request.  Sultan asked that the meeting be rescheduled.  On May 1, 2001, Sultan again refused to attend the meeting regarding the PIP without having Hasek present.  Verizon informed Sultan that his refusal to participate in the

---

[3]  Given the agreement between the parties that the "Weingarten" claim is not properly before this Court, it appears that the case should be remanded to state court for consideration of Plaintiff's age discrimination claim pursuant to M.G.L.A. c.151B §9.

[4]  Defendant Harvey Jackson has never been served with the complaint in this action.

[5]  The Complaint incorrectly names Verizon as Verizon Communications Corp.

3

PIP was grounds for termination and when he continued to refuse to attend the meeting, Sultan's employment was terminated.

Sultan filed a charge of discrimination with the EEOC. Defendants understand that on or about May 23, 2002, the EEOC notified Sultan that it was dismissing his charge of discrimination against Verizon and terminating the proceeding.

On April 30, 2004, Sultan brought suit against Verizon and Merkis (as well as Jackson). In his Complaint, Sultan alleges two counts: (1) age discrimination and (2) denial of the so-called *Weingarten* right in violation of Section 8(a)(1) of the National Labor Relations Act (29 U.S.C. § 158(a)). Sultan's claim for relief under the National Labor Relations Act is barred, because the National Labor Relations Board has exclusive jurisdiction over such claims. Further, his claim of age discrimination under the Age Discrimination in Employment Act is untimely, because Sultan failed to bring suit within 90 days of his receipt of the dismissal letter from the EEOC. See 29 U.S.C. § 626(e). On the merits, Defendants submit that Sultan was terminated for insubordination regarding his refusal to attend the PIP meeting. Indeed, Sultan concedes as much in his complaint.

II.     PROPOSED PRE-TRIAL SCHEDULE

    A.     **Plaintiff's Position**

| | |
|---|---|
| June 6, 2005 | All trial experts are to be designated and disclosure of information contemplated by Fed. R. Civ. P. 26. |
| October 21, 2005 | Deadline for completion of all fact - related discovery. |

    **B.**    **Defendant's Position**

As set forth above, Sultan's complaint raises threshold legal questions about whether or not his claim under the National Labor Relations Act is cognizable and whether his age discrimination claim is untimely. Defendants submit they intend to seek summary judgment on these legal questions. Defendants are awaiting receipt from Sultan a copy of his dismissal letter from the EEOC, and except for this remaining issue, submit that additional discovery is unnecessary. Defendants thus propose that discovery be held in abeyance until after the Court's resolution of the legal issues presented in their motion for summary judgment.

Because this litigation does not involve antitrust or other complex matters, the parties do not wish to conduct phased discovery.

**III.**    **PROPOSED SCHEDULE FOR FILING MOTIONS**

    **A.**    **Plaintiff's' Position**

November 21, 2005    Deadline for filing dispositive motions with responses to be filed within fourteen (14) calendar days thereafter pursuant to Local Rule 7.1.

    **B.**    **Defendants' Position**

May 6, 2005    Deadline for Defendants' filing of summary judgment motion with Plaintiff's response to be filed within fourteen (14) calendar days thereafter pursuant to Local Rule 7.1.

**IV.**    **POSSIBLE TRIAL BY MAGISTRATE JUDGE**

Defendants object to trial of this action by a magistrate judge.

V.  **CERTIFICATIONS OF COUNSEL AND THE PARTIES**

The required certifications from counsel and the parties that they have conferred with respect to budgetary concerns and possible resolution through ADR programs will be submitted under separate cover by respective counsel for each party.

| | |
|---|---|
| **VERIZON COMMUNICATIONS, INC. AND BRUCE MERKIS** | **JAMES SULTAN** |
| By Their Attorneys, | By His Attorney, |
| s/Robert A. Fisher<br>Arthur Telegen, BBO #494140<br>Robert A. Fisher BBO # 643797<br>Foley Hoag, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 832 -1000 | s/Howard I. Wilgoren<br>Howard I. Wilgoren BBO # 527840<br>6 Beacon Street, Suite 700<br>Boston, MA 02108<br>(617) 523 - 5233 |

Dated: April 14, 2005