ATTACHMENT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

| | |
|---|---|
| **James M. Sultan,** | \* |
| | \* |
| **Plaintiff** | \* |
| | \* |
| **v.** | \* |
| | \* |
| **VERIZON COMMUNICATIONS INC.,** | \* |
| **BRUCE MERKIS, and** | \* |
| **HARVEY MERKIS,** | \* |
| | \* |
| **Defendants** | \* |
| | \* |

**CIVIL ACTION NO.
04-11107-MLW**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     INTRODUCTION

This action is brought by James M. Sultan against Verizon Communications Inc., his former employer   James M. Sultan alleges that Verizon Communications Inc., and the individually named defendants discriminated against him in violation of the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B because the defendants  discriminated against him due to his age when they terminated his employment on May 1, 2001

### II.     PARTIES

1.     Plaintiff James Sultan (Hereinafter, "Sultan") is a resident of Dorchester, Suffolk County, Massachusetts.   Plaintiff was an employee of Defendant, Verizon Communications Inc., for approximately eighteen (18) years until he was unlawfully terminated on May 1, 2004.  Mr. Sultan was born on  February 14, 1949.

1

3.      Defendant, Verizon Communications Inc., (Hereinafter, "Verizon") has an office located in Boston, Suffolk County, Massachusetts.

4.      Upon information and belief, Defendant Bruce Merkis (Hereinafter, "Merkis") is a resident of Pearl River, New York.

5.      Upon information and belief, Defendant Harvey Jackson (Hereinafter, "Jackson") is a resident of Silver Springs, Maryland.  For a period of time Jackson was Mr. Sultan's direct supervisor. When Joe Conte was promoted to Manager he became Mr. Sultan's supervisor. Defendant Jackson became Joe Conte's supervisor and Mr. Sultan's second level supervisor.

## IV.    STATEMENT OF FACTS

6.      Mr. Sultan was employed as a System Engineer by defendant Verizon for more than eighteen (18) years  until his employment was unlawfully terminated on May 1, 2001.

7.      At all times during his employment by defendant Verizon Mr. Sultan performed the duties of his job as a System Engineer in a fully satisfactory manner.

8.      In August 2000 Mr. Sultan traveled to defendant's New York office to meet at his request with   defendant Bruce Merkis, who was defendant Jackson's supervisor. Mr. Sultan asked to meet with defendant Merkis because he was the only employee in his group who was required to report to an outside contractor.   At this meeting defendant Merkis asked Mr. Sultan his age.  During the same meeting defendant Merkis suggested that Mr. Sultan was having a hard time keeping up with the work because he

2

was  not current with the technology unlike the younger employees. Mr. Sultan told defendant Merkis evidence of his continuing education which he had undertaken to remain current with the technology.

9.    In March 2001 defendant Jackson advised Mr. Sultan that he was be was being placed on a performance improvement plan. Prior to that time Mr. Sultan always received satisfactory performance reviews.   Upon information and belief Mr. Sultan alleges that he was placed on the performance improvement plan in order to eliminate his position due to his age.

10.    On or about March 22, 2001 Mr. Sultan wrote on his performance appraisal that being placed on the performance improvement plan was a "smokescreen" for eliminating older workers in favor of hiring younger employees.

11.    Mr. Sultan was advised that he was to attend a meeting on or about April 26, 2001 to discuss his performance improvement plan. Mr. Sultan, believing that this meeting was to be investigatory in nature and could result in the imposition of discipline, requested to his Supervisor defendant Jackson that he be allowed to have  Bela Hasek, his former team leader present at the meeting. Mr. Sultan was seeking to assert his "Weingarten" right to have a  co – worker present at such a meeting as protected by the National Labor Relations Act.  Mr. Sultan also wanted Mr. Hasek to be present because he was his former team leader and was familiar with his work performance. Defendant Jackson said he would get back to Mr. Sultan.

3

12.  Bela Hasek came to the meeting on April 26, 2001 meeting. He was asked to leave by defendant Jackson. The meeting did not take place on that date.

13.  Defendant Jackson advised Mr. Sultan that he could not have a co – worker present at the meeting.  As a result of the denial of his request the meeting was rescheduled for May 2, 2001.

14.  On or about May 1, 2001 Mr. Sultan met with defendant Jackson and Joe Conte. Defendant Jackson told Mr. Sultan that his request to have a co – worker present at the meeting was denied and the meeting was to be held on May 2, 2001.

15.  Mr. Sultan advised Mr. Jackson that the law allowed him to have a co – worker present.  Defendant Jackson advised Mr. Sultan that if he made the request again he would be terminated for insubordination.  Mr. Sultan again stated his desire to have a co – worker present.  He was then advised by defendant Jackson that his employment was terminated.

16.  Mr. Sultan had every intention to attend the meeting on May 2, 2001 with or without a co – worker.

17.  Mr. Sultan believed in good faith that he was exercising his right as protected by the National Labor Relations Act to have a co – worker present at a meeting that is investigatory in nature and could result in the imposition of discipline.

18.  Upon information and belief Mr. Sultan's position was filled by an individual who is substantially younger than he is.  The person who filled the position is Bill Driscoll who is twenty to thirty years old.

4

19.    Upon information and belief Mr. Sultan, Bela Hasek and Earl Hinkley all of whom are over forty  and the three oldest employees in the Boston Desktop P.C. Group were all targeted for termination because of their age. Mr. Hasek and Mr. Hinkley also had their employment terminated by defendant Verizon.

### COUNT I
### AGE DISCRIMINATION – M.G.L.A. c. 151B
(All Defendants)

20.    Plaintiff realleges the allegations set forth in paragraph one through nineteen as if fully set forth herein.

21. Plaintiff filed a timely charge with the Massachusetts Commission Against Discrimination (MCAD), and filed this complaint at the expiration of ninety days after the filing of the aforesaid complaint with MCAD.

22.    The Plaintiff is a member of a protected class by virtue of his  age ( 52 years old at time of termination) pursuant to G.L. c. 151B.

23.    Defendant discriminated against the Plaintiff in terms, conditions and privileges of employment, including but not limited to, placing him on a performance improvement plan, and subsequently terminating the employment of the Plaintiff not for any legitimate reason but because of his  Age  thereby violating G.L. c. 151B § 4.

24.    As a direct and proximate cause of the aforesaid discrimination, the Plaintiff  has incurred and continues to incur a substantial loss of wages and benefits and has suffered and continues to suffer severe emotional distress. The

5

Plaintiff will continue to suffer these, as well as other damages, to be established at trial.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

1. Enter judgment against the Defendants;

2. Award Damages on all counts in an amount to be determined at trial for financial losses sustained and other damages to be determined at trial, including but not limited to:

   a. Loss of income and benefits;

   b. Future loss of income and benefits;

   c. Damages for emotional distress;

   d. Treble Damages pursuant to G.L. c. 151B § 9;

   e. Compensatory Damages;

   f. Punitive Damages

   g. Reasonable Attorney's fees;

   h. Fees and Costs of this action;

   i. Such further relief as this Honorable Court deems just and proper.

REMAINDER OF THE PAGE IS INTENTIONALLY BLANK

6

THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY
JURY.

**Respectfully submitted,**
**James M. Sultan**
**By His Attorney,**

**HOWARD I. WILGOREN**
**6 Beacon St., Suite 700**
**Boston , MA 02108**
**(617) 523 - 5233**
**BBO No.  527840**

**DATED: April 29, 2005**

7