UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

JAMES M. SULTAN,

          Plaintiff,

      v.

VERIZON COMMUNICATIONS INC.,
BRUCE MERKIS and HARVEY JACKSON,

          Defendants.

CIVIL ACTION No. 04 CV 11107 MLW

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT

Defendants Verizon Communications, Inc. ("Verizon") and Bruce Merkis ("Merkis")

hereby oppose Plaintiff James M. Sultan's ("Sultan") Motion to Amend the Complaint. As the

Court may recall, Sultan agreed during the Rule 16.1 scheduling conference in this matter that

his claim under the National Labor Relations Act (29 U.S.C. § 158) was not cognizable and that

his claim under the Age Discrimination in Employment Act (29 U.S.C. § 626(e)) was untimely.

To the extent that Sultan's proposed amended complaint withdraws those claims, Defendants

have no objection.

However, Defendants do object on the grounds of futility to Sultan's proposed claim for

relief under M.G.L. ch. 151B against Verizon, Merkis and Defendant Harvey Jackson.[1] That

claim is on its face barred by the applicable three-year statute of limitations and the six-month

limitation period for filing a charge of discrimination with the Massachusetts Commission

Against Discrimination. Further, even if timely, Sultan has failed to allege facts that would

support his claim of age discrimination under Chapter 151B. As Sultan concedes, he was

---

[1]  Defendant Harvey Jackson has never been served in this case.

terminated for insisting on his right to a *Weingerten* representative under the National Labor Relations Act.[2] Not only is this not age discrimination, such a claim falls with the exclusive jurisdiction of the National Labor Relations Board. Thus, because the proposed amendment would not survive a motion to dismiss, the Court should deny Sultan's motion to amend his Complaint.

STATEMENT OF FACTS ALLEGED IN
THE PROPOSED AMENDED COMPLAINT[3]

Sultan alleges that he was employed by Verizon as a Systems Engineer until his termination on May 1, 2001. See Proposed Amended Complaint, ¶ 6. In August 2000, Sultan met with Merkis. Id., ¶ 8. According to Sultan, Merkis asked him his age and "suggested that Mr. Sultan was having a hard time keeping up with the work because he was not current with the technology unlike the younger employees." Id.

In March 2001, Defendant Harvey Jackson ("Jackson") told Sultan that he was being placed on a performance improvement plan ("PIP") because of his poor performance. Id., ¶ 9. Sultan alleges that, until then, he had always received satisfactory performance reviews and believes that he was placed on a PIP because of his age. Indeed, on March 22, 2001, Sultan wrote on his performance appraisal that his placement on a PIP was a "smokescreen" for eliminating older workers in favor of hiring younger employees. Id., ¶ 10.

Sultan was advised to attend a meeting scheduled for April 26, 2001 to discuss the PIP. Id., ¶ 11. Sultan requested that a co-worker, Bela Hasek ("Hasek"), also to attend the meeting, because he believed that he was entitled to a *Weingarten* representative, as recognized under the

---

[2]  At the Rule 16.1 conference, Sultan represented to the Court that he sought to add a claim under Chapter 151B based upon his belief that he was selected for layoff as part of a reduction in force. Apparently, Sultan has abandoned that theory.

[3]  Defendants adopt Sultan's recitation of facts in the proposed Amended Complaint for purposes of this opposition only.

National Labor Relations Act. Id. On April 26, 2001, Sultan arrived at the meeting with Hasek. Id., ¶12. Jackson asked Hasek to leave and told Sultan that he was not entitled to have a co-worker present. Id., ¶¶ 12-13. The meeting did not occur and instead was rescheduled for May 2, 2001. Id., ¶¶ 12-13.

On May 1, 2001, Jackson again told Sultan that was not entitled to have a co-worker at the meeting. Id., ¶ 14. Sultan told Jackson that the law allowed him to have a *Weingarten* representative. Id., ¶ 15. Jackson told Sultan that if he made the request again, he would be terminated for insubordination. Id. When Sultan again stated his desire to have a co-worker present, Jackson informed him that his employment was terminated. Id.

On October 31, 2001, Sultan filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). Id., ¶ 21. A copy of the charge is attached hereto at Exhibit A. In his charge, Sultan named Verizon as the employer, but did not identify either Merkis or Jackson. The charge alleged that "[o]n or about May 1, 2001, I was involuntarily terminated from my position as Systems Engineer." Id. Sultan further alleged that "[t]he reason stated to me was insubordination because I requested a co-worker to attend a meeting to discuss my alleged performance issues and a performance improvement plan." Sultan alleged that he believed that he had been a victim of age discrimination in violation of the Age Discrimination in Employment Act because "prior to this last year with Respondent my performance had always been satisfactory or above for the 18 years prior to my termination," implicitly claiming that the imposition of the PIP was discriminatory. Id.

On April 30, 2004, Sultan brought suit against Defendants in state court. In that complaint, Sultan generally alleged age discrimination and also claimed that Verizon had violated his rights under the National Labor Relations Act. On May 26, 2004, Defendants

removed the case to federal court.[4]

Sultan now seeks to amend his complaint to withdraw any claim under the Age

Discrimination in Employment Act and the National Labor Relations Act and instead add a claim

under M.G.L. ch. 151B against all Defendants. In his proposed claim under Chapter 151B,

Sultan alleges that "Defendant[s] discriminated against the Plaintiff in terms, conditions and

privileges of employment, including but not limited to, placing him on a performance

improvement plan, and subsequently terminating the employment of the Plaintiff not for any

legitimate reason but because of his Age thereby violating G.L. c. 151B § 4."

ARGUMENT

While typically leave to amend a complaint should be freely given, a motion to amend

may be denied where the amendment would be futile because the new assertions would fail to

withstand a motion to dismiss. See Foman v. Davis, 371 U.S. 178, 182 (1962); Cobb v. Supreme

Judicial Court of Massachusetts, 334 F.Supp.2d 60, 62 (D. Mass. 2004); Moore v. Eli Lilly and

Co., 626 F.Supp. 365, 366 (D. Mass. 1986). As described below, Sultan's motion to amend

should be denied because the facts alleged fail to set forth a claim for relief under Chapter 151B.

I.    Defendants May Properly Rely on The Charge.

As a preliminary matter, Defendants may properly rely on Sultan's MCAD charge in

support of their opposition. While that document is not attached to the proposed Amended

Complaint, Sultan refers to that document, and thus Defendants may rely upon it in its entirety.

See, e.g., Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir.

2000) ("Although much of the evidence contained in the record is out-of-bounds in reviewing a

---

[4]  The case was originally removed on the grounds of federal question jurisdiction. However, there also is diversity jurisdiction. Sultan is a Massachusetts resident, while Verizon is a Delaware corporation with its principal place of business in New York, Merkis is a New York resident, and Jackson is a Maryland resident. Sultan claims damages in excess of $75,000. See 28 U.S.C. § 1332.

12(b)(6) dismissal, it is well-established that in reviewing the complaint, we 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment'") (citation omitted); Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996) (same). See also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1014-15 (1st Cir. 1988).

II.     Sultan's 151B Claim is Untimely.

        Sultan's proposed claim under M.G.L. 151B is untimely.  At all relevant times, the time period for filing a charge with the MCAD was 6 months from the alleged unlawful act,[5] and the statute of limitations for bringing suit under Chapter 151B was three years.  See M.G.L. ch. 151B, §§ 5 & 9.  Here, Sultan's claim of age discrimination relating to his performance evaluation and placement on the PIP is time barred.  On March 22, 2001, Sultan wrote on his performance evaluation that he believed that the evaluation of his performance and the imposition of the PIP was a "smokescreen" for age discrimination.  Thus, he admittedly knew of that claim as of March 22, 2001, but failed to file a charge with the MCAD within 6 months of that date (he waited until October 31, 2001).  Further, his filing of the original complaint also was untimely.  He had until March 22, 2004 to bring suit, but did not do so until April 30, 2004. See Provencher v. CVS Pharmacy, 145 F.3d 5, 13-14 (1st Cir. 1998).

        While Sultan's actual termination occurred on May 1, 2001, any claim relating to his termination also is untimely.  Sultan alleges that he was terminated after he requested the presence of a *Weingarten* representative at the PIP.  However, the proposed Amended Complaint makes clear that Sultan knew as of April 26, 2001 -- more than six months before Sultan's filing

---

[5]  It has since been amended.

of the MCAD charge and more than three years before his filing of the original Complaint -- that

Verizon would not accede to his request for a *Weingarten* representative. Thus, to the extent that

Sultan claims that Defendants' denial of that request was discriminatory, it is time-barred.

Sultan's repeated request for such a representative thereafter does not make his

discrimination claim under M.G.L. ch. 151B timely. Under Massachusetts law, the limitations

period begins to run when the allegedly discriminatory act occurred, and not when the

consequences of the act are felt. See Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 398

(1994); School Comm. of Brockton v. Massachusetts Comm'n Against Discrimination, 423

Mass. 7, 11 n.8 (1996) (citing Wheatley and affirming principle expressed in Federal case law

that "'the proper focus [for determining when a statute of limitations period commences] is upon

the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts

became most painful'" (quoting Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)));

Adamczyk v. Augat, Inc., 52 Mass. App. Ct. 717, 721-22 (2001). Sultan's claim of age

discrimination rests on two possible theories: (1) his placement on the PIP for allegedly poor

performance, or (2) Verizon's refusal to let him have a *Weingarten* representative. As of April

26, 2001, Sultan already believed that he had been placed on the PIP because of his age and

knew that Verizon would not allow him to have a co-worker present during the PIP meeting.

While Sultan was terminated on May 1, 2004 for insubordination after he again requested a

*Weingarten* representative, at that point the termination was merely the subsequent effect of his

placement on the PIP and Verizon's earlier denial of his request for a representative. See Seery

v. Biogen, Inc., 195 F.Supp.2d 347, 353 (D. Mass. 2002); Greer v. Boston University, C.A. No.

02-11898-MLW, slip op. at pp. 14-15 (D. Mass. Dec. 22, 2004).

III.    Sultan Does Not Allege His Termination Was Unlawful.

In any event, Sultan does not actually allege facts to suggest that he believes his

termination was because of his age. As the proposed Amended Complaint makes clear, Sultan

alleges that his employment was terminated for insubordination because he repeatedly insisted

on his right to a *Weingarten* representative under the National Labor Relations Act. He does not

allege that Verizon denied his request for a representative for any reason prohibited by M.G.L.

151B.[6]

IV.    Sultan's Claim Relating to His Termination Is Preempted by the National Labor
       Relations Act.

Instead, because Sultan's termination is bound up in his assertion of rights under the

National Labor Relations Act, his claim relating to his termination is preempted by that statute.

The National Labor Relations Board ("Board") has exclusive jurisdiction to hear claims under

the Act. 29 U.S.C. § 160. The Supreme Court has held that "[w]hen an activity is arguably

subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive

competence of the National Labor Relations Board." San Diego Bldg. Trades Council v.

Garmon, 359 U.S. 236, 245 (1967); see also Tamburello v. Comm-Tract Corp., 67 F.3d 973, 976

(1st Cir. 1995) (explaining that the Board has primary and exclusive jurisdiction over claims of

unfair labor practices).

Sultan's assertion of a right to a *Weingarten* representative is subject to Sections 7 and 8

of the Act. In NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975), the Supreme Court recognized

that an employee has a right under Section 7 of the Act to the presence of a union representative

during an investigatory interview which he reasonably believes will result in his discipline. The

---

[6]    While Sultan does allege in paragraph 23 that his termination was unlawful age discrimination, the Court need not
reconsider on a motion to dismiss Sultan's bare and conclusory allegations. See, e.g., Chongris v. Board of Appeals
of Town of Andover, 811 F. 2d 36, 37 (1st Cir. 1987).

Court held that an employer who denies an employee's request for a union representative and proceeds with the interview commits an unfair labor practice and violates Section 8(a)(1) of the Act (29 U.S.C. § 158(a)(1)). Further, the National Labor Relations Board has held that the discipline or discharge of an employee for exercising his *Weingarten* right also violated Section 8(a)(1) of the Act. See Southwestern Bell Tel. Co., 227 NLRB 1223 (1977). Thus, an employee's claim that he was terminated because he attempted to exercise his *Weingarten* right to a representative is a matter left to the exclusive jurisdiction of the Board. Indeed, Sultan filed such a charge with the Board, claiming that Verizon violated his rights under the Act by refusing his request for a *Weingarten* representative and then terminating his employment after he insisted on such a representative. See Exhibit B hereto.[7]

Although Sultan now wishes to recast that claim as one for age discrimination, it fails on preemption grounds. In Chaulk Services, Inc. v. Massachusetts Commission Against Discrimination, 70 F.3d 1361, 1366-67 (1st Cir. 1995), the First Circuit held that an employee's claim of sex discrimination was preempted by the National Labor Relations Act because it was founded on the identical facts which provided the basis for an unfair labor practice charge. Sultan's claim is no different. Like his claim before the NLRB, Sultan claims he was discriminated against when he attempted to exercise his *Weingarten* right under the National Labor Relations Act. Indeed, as in Chaulk, Sultan couches his termination in terms of a labor dispute within the primary jurisdiction of the Board. He expressly alleges in the proposed Amended Complaint that he acted out of a good faith belief that he had a right to the presence of a co-worker under the Act. See Proposed Amended Complaint, ¶ 17. Thus, just as the MCAD

---

[7]  While parties normally are not permitted to go beyond the pleadings on a motion to dismiss, Sultan's charge with the NLRB is a matter of public record and thus cannot be a matter in dispute. Further, this is not, strictly speaking, a motion to dismiss, but instead an opposition to Sultan's motion to amend his Complaint to add this new claim more than a year after it was filed.

lacked jurisdiction in <u>Chaulk</u>, the Board, not the Court, has exclusive jurisdiction over any claim relating to Sultan's termination.

V.    <u>Neither Merkis Nor Jackson Was Named In the MCAD Charge.</u>

Finally, Sultan cannot pursue a claim under Chapter 151B against Merkis or Jackson because they were never named in the underlying MCAD charge. The charge named only Verizon as a respondent. <u>See</u> Exhibit A. Thus, any claim under Chapter 151B against Merkis or Jackson fails as a matter of law. <u>See</u> <u>King v. First</u>, 46 Mass. App. Ct. 372, 374-75 (1999) (failure to name landlord in prior MCAD complaint barred Chapter 151B claim in court); <u>Powers v. H.B. Smith Co.</u>, 42 Mass. App. Ct. 657, 667 (1997) (affirming summary judgment to individual defendant where plaintiff failed to name defendant in MCAD complaint yet knew of his involvement in the alleged discriminatory layoff); <u>Chatman v. Gentle Dental Ctr. of Waltham</u>, 973 F.Supp. 228, 236 (D.Mass. 1997) (dismissing claims of discrimination against individual defendants where plaintiff failed to allege that the individuals were on notice of and were parties to the MCAD proceeding).

CONCLUSION

For these reasons, Verizon and Merkis request that the Court deny Plaintiff's motion to amend his complaint to add a claim under M.G.L. Chapter 151B. Because Sultan has already agreed that any claim under the Age Discrimination in Employment Act is untimely and that any claim under the National Labor Relations Act is not cognizable, Defendants respectfully request that the Court dismiss the case in its entirety and grant such other and further relief as the Court deems just and proper.

VERIZON COMMUNICATIONS, INC.
AND BRUCE MERKIS

By their attorneys,

 s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated: May 13, 2005

CERTIFICATE OF SERVICE

I, Robert A. Fisher, hereby certify that on May 13, 2005 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

s/ Robert A. Fisher