UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

| | |
|---|---|
| **James M. Sultan,** \* | |
| \* | |
| **Plaintiff** \* | |
| \* | |
| **v.** \* | **CIVIL ACTION NO.** |
| \* | **04-11107-MLW** |
| **VERIZON COMMUNICATIONS INC.,** \* | |
| **BRUCE MERKIS, and** \* | |
| **HARVEY MERKIS,** \* | |
| \* | |
| **Defendants** \* | |
| \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**PLAINTIFF JAMES M. SULTAN'S REPLY TO DEFENDANTS'
OPPOSITION TO THE MOTION TO AMEND THE COMPLAINT**

On or about April 30, 2004 James Sultan ("Sultan") Plaintiff, in the captioned matter filed a complaint *pro se* in Suffolk Superior Court setting forth, *inter alia,* a claim against defendants for age discrimination in employment. The *pro se* complaint clearly puts Defendants on notice that he was making a claim for age discrimination. In that regard Sultan stated, "I, James M. Sultan, claim that Verizon Communications willfully discriminated against me because my age and used Bruce Merkis and Harvey Jackson (both employees of Verizon) as agents to carry out this discriminatory act."

Defendants in their opposition to Plaintiff's Motion to Amend the Complaint object on the grounds of futility. Sultan contends that the record clearly establishes that he filed the charge of discrimination within six months of his

unlawful termination of his employment on May 1, 2004 and with the Superior Courts within three years as required by statute.

The statement in the original *pro se* complaint clearly puts defendants on notice that Sultan is alleging that the termination of his employment was violative of M.G.L. c.151B, §4 1B.  Pursuant to §9 of that statute any person claiming to be subject to age discrimination may "at the expiration of ninety days after the filing of a complaint with the commission or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior or probate court…"

Sultan alleges that the termination of his employment by defendants on May 1, 2001 was motivated by unlawful consideration of his age.  Sultan filed a timely charge of discrimination on October 31, 2001 which is within the six month statute of limitations required by c. 151B. Similarly, the filing in superior court on April 30, 2004 occurred within three years after the discriminatory termination of his employment on May 1, 2001.

In further support of its futility argument Defendants claim that the proposed amended Complaint fails "to allege facts that would support his claim of age discrimination under Chapter 151B. An examination of the allegations set forth in the Amended Complaint clearly contradicts that assertion.  The following statements contained in the Amended Complaint clearly assert facts that would support Sultan's age discrimination claim:

- **INTRODUCTION**

    This action is brought by James M. Sultan against Verizon Communications Inc., his former employer James M. Sultan alleges that Verizon Communications Inc., and the individually named defendants discriminated against him in violation of the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B because the defendants discriminated against him due to his age when they terminated his employment on May 1, 2001

- 8 …   During the same meeting defendant Merkis suggested that Mr. Sultan was having a hard time keeping up with the work because he was not current with the technology unlike the younger employees.

- 10   On or about March 22, 2001 Mr. Sultan wrote on his performance appraisal that being placed on the performance improvement plan was a "smokescreen" for eliminating older workers in favor of hiring younger employees.

- 18   Upon information and belief Mr. Sultan's position was filled by an individual who is substantially younger than he is.  The person who filled the position is Bill Driscoll who is twenty to thirty years old.

- 19.   Upon information and belief Mr. Sultan, Bela Hasek and Earl Hinkley all of whom are over forty and the three oldest employees in the Boston Desktop P.C. Group were all targeted for termination because of their age. Mr. Hasek and Mr. Hinkley also had their employment terminated by defendant Verizon.

- 22.   The Plaintiff is a member of a protected class by virtue of his age (52 years old at time of termination) pursuant to G.L. c. 151B.

- 23.   Defendant discriminated against the Plaintiff in terms, conditions and privileges of employment, including but not limited to, placing him on a performance improvement plan, and subsequently terminating the employment of the Plaintiff not for any legitimate reason but because of his  Age  thereby violating G.L. c. 151B § 4.

Contrary to Defendants' assertion Sultan does **Not** concede that "he was terminated for insisting on his right to a Weingarten representative under the National Labor Relations Act" as posited at pp 1-2 of Defendants' Opposition to Plaintiff's Motion to Amend the Complaint.("Defendants' Opposition") While Defendants state that they "adopt Sultan's recitation of facts in the proposed Amended Complaint for purposes of this opposition only" (Defendants' Opposition, at footnote 3), a review of the proposed amended complaint finds no support for Defendants' claimed concession by Sultan. To the contrary Sultan maintains that conduct engaged in by Defendants including the termination of his employment was motivated by impermissible considerations of his age. The Amended Complaint plainly states this at paragraph 23, "Defendant discriminated against the Plaintiff in terms, conditions and privileges of employment, including but not limited to, placing him on a performance improvement plan, **and subsequently terminating the employment of the Plaintiff not for any legitimate reason but because of his Age thereby violating G.L. c. 151B § 4.** (emphasis supplied)

At no time prior to May 1, 2001 did Sultan know his employment was being terminated. Defendants concede as much and thus the statute of limitations for both the MCAD and Superior Court filing must run from that date. Thus, as Defendants acknowledge, (Defendants' Opposition, at page 3) "Jackson told Sultan (on May 1, 2001) that if he made the request again, he would be terminated for insubordination." Nowhere in the Amended Complaint is there any

4

support for the proposition that Sultan was aware his employment was going to be terminated at any time prior to May 1, 2001.

## ARGUMENT

As Defendants note leave to amend a complaint should be freely given. This is particularly so where, as here the plaintiff made his initial filings with the MCAD and Superior Court *pro se.*

Sultan filed a timely charge with the MCAD on October 31, 2001 which is within six months of the unlawful termination of his employment on May 1, 2001. Defendant claims that he knew of his termination on April 26, 2001. That assertion finds no support in the Amended Complaint.

Sultan may have been aware that as of April 26, 2001 Defendant would not allow him to have a representative present at the meeting, However, the discriminatory act Sultan is complaining of is his termination on May 1, 2001. The Amended Complaint is clear that the first time he became aware he would be terminated was on May 1, 2001.

On May 1, 2001 Sultan met with Jackson **who stated for the first time** that Sultan would be terminated for insubordination if he continued to request Weingarten representation. When Sultan did so Jackson informed him his employment was terminated. (Amended Complaint ¶ 15)

Sultan quite agrees with Defendant that the statute of limitations begins to run when the alleged discriminatory act occurred. Quite plainly the alleged discriminatory act occurred in this case on May 1, 2001 when Sultan's employment was terminated.

Sultan's claim of discrimination rests on the theory that the termination of his employment which occurred on May 1, 2001 was impermissibly motivated by considerations of his age. Any reason given by Defendants is but a pretext for impermissible age discrimination. Sultan's placement on the PIP and other statements by defendants as set forth above is evidence of defendants' discriminatory motivation for the subsequent termination of his employment.

Defendants are quite correct in their assertion that as of April 26, 2001 that he was placed on the PIP because of his age. However, at no time prior to May 1, 2001 was Sultan aware that his employment would be terminated.

Defendants' contention that Sultan does not allege that his termination was impermissibly motivated by impermissible considerations of his age can be readily disposed of by a reading of the proposed Amended Complaint. Contrary to the Defendants' assertion the Amended Complaint states directly, "Defendant discriminated against the Plaintiff in terms, conditions and privileges of employment, including but not limited to, placing him on a performance improvement plan, and subsequently terminating the employment of the Plaintiff not for any legitimate reason but because of his Age thereby violating G.L. c. 151B § 4. (Amended Complaint ¶ 23)

Sultan contends that the reason given for the termination of his employment by Defendants, namely insubordination is but a pretext for unlawful age discrimination. Questions of animus, such as exist in the instant case, are most often factual and therefore inappropriate for summary judgment, let alone for dismissal at this preliminary stage, but this principle applies specifically to

discrimination cases. Blair v. Huskey Injection Molding Sys. Boston, Inc., 419 Mass 437, 439 (1995).

Sultan submits that he is entitled to move forward with this case in an effort to prove that the proffered reason for the termination of his employment was motivated by impermissible considerations of his age. The proposed amended complaint clearly establishes sufficient factual issues in dispute to show that the reason proffered by defendants for plaintiff's termination is but a pretext for unlawful discrimination. Abramian v. President and Fellows of Harvard College, 432 Mass.197, 116 (2000)[1]

This case will have to resolve whether Sultan's termination was motivated by impermissible considerations of his age or, as Defendants contend for insubordination.  By amending his Complaint Sultan is not contesting whether or not his *Weingarten* rights were violated.  The only contention is whether the proffered reason given was a legitimate and substantial one or alternatively was motivated by unlawful consideration of Sultan's age.

It simply does not matter whether or not Sultan had a right to a *Weingarten* representative. Resolution of the pretext issue will not require a review of the *Weingarten* issue at all.  The only matter at issue whether the real reason for Sultan's termination was for insubordination or impermissible age discrimination.  Whether or not Defendants also violated Sultan's rights under the National Labor Relations Act is not at issue here at all.  Defendants' conduct

---

[1] The Proposed Amended Complaint sets forth sufficient allegations to support a *prima facia* claim of age discrimination, as well as the fact that defendants have articulated a legitimate business justification for its termination of Sultan's employment.  Only pretext, the third prong of the McDonnell – Douglas burden shifting analysis is at issue in the instant case.

7

could conceivably violate both the National Labor Relations Act as well as c. 151B.

Contrary to the plaintiff in Chaulk Services, Inc., v. MCAD, 70 F. 3d (1st Cir. 1995), Sultan does not couch his claim in terms of a labor dispute within the primary jurisdiction of the Board. A plain reading of the Proposed Amended Complaint clearly establishes that the claim is one for age discrimination and only age discrimination.

Here, it is Defendants who claim that they terminated Sultan for insubordination for attempting to exercise his rights pursuant to the National Labor Relations Act. As noted in Sultan's Charge of Discrimination filed with the MCAD that was the reason stated to him by Defendants for his termination. As Sultan stated in his Charge of Discrimination, and has maintained at all times since, his termination was unlawfully motivated by considerations of his age (See: Exhibit A attached to Defendants' Opposition).

It is Defendants who are attempting to recast Sultan's claim as one for violation of the National Labor Relations Act. If employers are allowed to do so and then assert a preemption claim, plaintiffs, like Sultan here, would be denied their right to assert discrimination claims based on circumstances that touch upon the National Labor Relations Act. Defendants, not Sultan, claim he was terminated for attempting to exercise his *Weingarten* right. Sultan in reliance on the facts as alleged claims that his termination for the stated reason of insubordination was a pretext for age discrimination. As such, Sultan's claim is not preempted.

## **CONCLUSION**

For all of the foregoing reasons it is respectfully requested that Plaintiff's Motion to Amend his Complaint be granted.

**Respectfully submitted,**
**James M. Sultan**
**By His Attorney,**


**s/Howard I. Wilgoren**
**HOWARD I. WILGOREN**
**6 Beacon St., Suite 700**
**Boston, MA 02108**
**(617) 523 - 5233**
**BBO No.  527840**

**DATED: December 16, 2005**

### CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing documents upon defendant by mailing a copy of same by first class mail, postage prepaid to their attorneys Arthur G. Telegen, Esquire, Robert A. Fisher, Esquire, Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210



**s/Howard I. Wilgoren**
Howard I. Wilgoren

Dated: December 16, 2005

Case 1:04-cv-11107-MLW    Document 24    Filed 12/16/2005    Page 10 of 10

10