```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JAMES M. SULTAN,            )
     Plaintiff,             )
                            )
     v.                     )     C.A. No. 04-11107-MLW
                            )
VERIZON COMMUNICATIONS      )
CORP., ET AL.,              )
     Defendants.            )
```

ORDER

WOLF, D.J.                                          December 22, 2005

For the reasons described in detail in court on December 22, 2005, it is hereby ORDERED that:

1. With the agreement of plaintiff James M. Sultan, his claims against Bruce Merkis and Harvey Jackson are WITHDRAWN.

2. Plaintiff's Motion to Amend Complaint (Docket No. 17) is ALLOWED with regard to his claim that his termination violated M.G.L. c. 151B. As plaintiff acknowledged, his claim that his placement in the Performance Improvement Plan on or about March 22, 2001 is time-barred. That event, however, may be admissible as background or as circumstantial evidence of the motive for his termination. Under the well-pleaded complaint rule, it is premature to decide whether plaintiff's M.G.L. c. 151B unlawful termination claim is preempted. See In re Colonial Bankers Corp. v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003); Chaulk Services, Inc. v. Massachusetts Commission Against Discrimination, 70 F.3d 1361 (1st Cir. 1995). Defendant may reassert its preemption defense if a motion for summary judgment is authorized after the

completion of discovery.  <u>See</u> November 29, 2005 Amended Scheduling Order, ¶3.

3.  Defendant shall answer the Amended Complaint within 21 days.

4.  The parties shall comply with the November 29, 2005 Amended Scheduling Order.

```
                              /s/ MARK L. WOLF
                             UNITED STATES DISTRICT JUDGE
```