UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>        Defendant. | CIVIL ACTION No. 04 CV 11107 MLW |

ANSWER OF DEFENDANT VERIZON
COMMUNICATIONS, INC. TO AMENDED COMPLAINT

Defendants Verizon Communications, Inc. ("Verizon") hereby answers the Amended Complaint of Plaintiff James M. Sultan ("Sultan").

FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The first unnumbered paragraph is introductory in nature, to which no responsive pleading is required. As to each of the numbered paragraphs of the Amended Complaint, Verizon responds as follows:

    1.    Verizon admits that Sultan's date of birth is February 14, 1949, denies that Sultan was an employee of Defendant Verizon Communications, Inc. and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Amended Complaint.

    (There is no paragraph 2 of the Amended Complaint.)

    3.    Defendants admit that a subsidiary of Verizon maintains a facility at the location listed.

B3142249.1

4. Paragraph 4 is directed at Bruce Merkis ("Merkis"), who has been dismissed from the action, and thus no responsive pleading is required.

5. Paragraph 5 is directed at Harvey Jackson ("Jackson"), who has been dismissed from the action, and thus no responsive pleading is required.

6. Paragraph 6 of the Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that it contains any factual allegations, Verizon denies those allegations.

7. Verizon denies the allegations of paragraph 7 of the Amended Complaint.

8. Verizon admits that Sultan requested a meeting with Merkis and did in fact meet with Merkis, lacks knowledge or information sufficient to form a believe as to the truth or falsity of the allegations as to Sultan's reasons for requesting that meeting, and otherwise denies the allegations of paragraph 8 of the Amended Complaint.

9. Verizon admits that Sultan was informed in or about March 2001 that he was being placed on a performance improvement plan ("PIP") and otherwise denies the allegations of paragraph 9 of the Amended Complaint.

10. Verizon states that the March 2001 performance appraisal and Sultan's written comments thereon speak for themselves.

11. Verizon denies that Jackson was Sultan's direct supervisor, lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Sultan believed or wanted, and otherwise admits the allegations of paragraph 11.

12. Verizon admits the allegations of paragraph 12 of the Amended Complaint.

13. Verizon admits that Jackson told Sultan that Bela Hasek ("Hasek") could not attend the PIP meeting and that the meeting was re-scheduled for May 2, 2001 and otherwise denies the allegations of paragraph 13 of the Amended Complaint.

14. Verizon admits that Sultan met with Jackson and Joe Conte on May 1, 2001 and that Jackson told Sultan that the presence of a co-worker at the PIP meeting would be inappropriate and otherwise denies the allegations of paragraph 14 of the Amended Complaint.

15. Verizon admits that Sultan said that he was entitled to a co-worker and otherwise denies the allegations of paragraph 15 of the Amended Complaint.

16. Verizon denies the allegations of paragraph 16 of the Amended Complaint.

17. Verizon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Amended Complaint.

18. Verizon denies the allegations of paragraph 18.

19. Verizon admits that Hasek and Earl Hinkley were part of a reduction in force and otherwise denies the allegations of paragraph 19 of the Amended Complaint.

20. Verizon repeats and incorporates herein its responses to paragraphs 1 though 19 of the Amended Complaint.

21. Verizon admits that Sultan filed a charge with the Massachusetts Commission Against Discrimination and otherwise denies the allegations of paragraph 21 of the Amended Complaint.

22. Paragraph 22 of the Amended Complaint asserts a conclusion of law to which no responsive pleading is required.

23. Verizon denies the allegations of paragraph 23.

24. Verizon denies the allegations of paragraph 24.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred because Sultan failed to satisfy the administrative prerequisites to filing suit.

### FIFTH DEFENSE

Sultan failed to timely file a charge of discrimination with the Massachusetts Commission Against Discrimination.

### SIXTH DEFENSE

Plaintiff's claims are preempted by the National Labor Relations Act.

### SEVENTH DEFENSE

The National Labor Relations Board has exclusive jurisdiction over Plaintiff's claims.

### EIGHTH DEFENSE

Plaintiff's claims fail as a matter of law because Sultan's employment with a subsidiary of Verizon was at-will.

### NINTH DEFENSE

Plaintiff's claims fail as a matter of law because Sultan voluntarily terminated his employment with a subsidiary of Verizon.

### TENTH DEFENSE

Defendant's actions, if any, towards Sultan were for legitimate, non-discriminatory reasons.

### ELEVENTH DEFENSE

Plaintiff's claims fail because of job abandonment.

## TWELFTH DEFENSE

Sultan's alleged injuries, if any, are barred by the exclusivity provisions of the Worker's Compensation Act.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages are not recoverable as they are speculative.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FIFTEENTH DEFENSE

Sultan has failed to name an indispensable party.

WHEREFORE, Verizon respectfully requests that the Court dismiss Sultan's Amended Complaint, grant judgment to it on all counts of the Amended Complaint, award it attorneys' fees and costs incurred in defending this action and grant such other relief as the Court deems just and proper.

VERIZON COMMUNICATIONS, INC.

By its attorneys,

s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated:  January 12, 2006

## CERTIFICATE OF SERVICE

I, Robert A. Fisher, hereby certify that on January 12, 2006 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

s/ Robert A. Fisher