UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>　　　　Defendant. | CIVIL ACTION No. 04 CV 11107 MLW |

## DEFENDANT'S REQUEST FOR SUMMARY JUDGMENT BRIEFING SCHEDULE

Pursuant to the Court's Scheduling Order (as amended), Defendant Verizon Communications, Inc. ("Verizon" or "the Company") hereby requests that the Court set a schedule for briefing on a motion for summary judgment on Plaintiff James M. Sultan's ("Sultan") Amended Complaint. Sultan asserts a claim of age discrimination under Massachusetts General Laws ch. 151B. As set forth in the Amended Complaint, Sultan alleges that he was terminated after he insisted upon having a co-worker act as his *Weingarten* representative[1] at a meeting with managers to discuss his job performance.

Verizon submits that there are the following grounds for a motion for summary judgment on that claim: (1) that Plaintiff's state law claim of age discrimination is preempted by the National Labor Relations Act; (2) that there is no evidence that Verizon's reasons for Sultan's termination were pretext for unlawful discrimination; (3) that Sultan did not identify his termination as the basis of his claim of age discrimination (he instead cites to events that predate

---

[1] In NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975), the Supreme Court recognized that an employee has a right under Section 7 of the National Labor Relations Act (29 U.S.C. § 157) to the presence of a union representative during an investigatory interview which he reasonably believes will result in his discipline. While Sultan was not represented by a union, the National Labor Relations Board had extended that right to non-union employees in Epilepsy Foundation of Northeast Ohio, 331 NLRB 676 (2000). That case was still good law at the time of Sultan's termination.

B3176046.1

his termination, all of which are time-barred); and (4) while Sultan alleges that a Verizon manager made statements about his age nine months prior his termination, there is no evidence that that manager had any involvement in the decision to terminate Sultan's employment.

For these reasons, Verizon respectfully requests that the Court establish a briefing schedule for the filing of a motion for summary judgment and grant such other and further relief as the Court deems just and proper.

VERIZON COMMUNICATIONS, INC.

By its attorneys,

 s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated:  March 15, 2006