```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

JAMES SULTAN,                         )
     Plaintiff,                       )
                                      )
          v.                          )   C.A. No. 04-11107-MLW
                                      )
                                      )
VERIZON COMMUNICATIONS, INC.,         )
     Defendants.                      )
```

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                           December 20, 2006

In his amended complaint, plaintiff James Sultan seeks relief pursuant to the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B. The plaintiff filed his original complaint in state court. Defendant Verizon Communications Corporation, along with the two individual defendants who have since been dismissed from the complaint, removed the complaint to this court pursuant to 28 U.S.C. §1446. For the reasons described in this Memorandum, the parties are being ordered to seek to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.

When defendants removed the original complaint to this court, it included claims for relief pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, <u>et seq</u>., and Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. §151 <u>et seq</u>. These claims raised federal questions and, therefore, established this court's jurisdiction under 28 U.S.C.

§1331.

The plaintiff's Motion To Amended the Complaint, which removed all federal questions and left only the single state law age discrimination claim, was subsequently allowed. Accordingly, there is no longer federal question jurisdiction in this case.

For the reasons described in this Memorandum, it is hereby ORDERED that:

1. The parties shall, by January 8, 2007, seek to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction and, if a party asserts that the court has discretion to retain the remaining pendent state claim, explain why it should exercise that discretion to do so. See 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996).

2. Any responses shall be filed by January 15, 2007.

UNITED STATES DISTRICT JUDGE