UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>JAMES SULTAN</u>,

       Plaintiff

v.                                                                              CIVIL ACTION
                                                                  NO. 04-11107-MLW

<u>VERIZON COMMUNICATIONS, INC.</u>, et al

       Defendants


PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

<u>The Court has the Discretionary Power to Retain Jurisdiction, Dismiss the Case Without Prejudice or Remand the Case to Suffolk Superior Court</u>

  The plaintiff respectfully contends that the Court could, in its discretion, exercise supplemental jurisdiction in this matter and hear and decide the Massachusetts state law age discrimination claim even though there is no longer federal question jurisdiction. <u>Pedraza v. Holiday Housewares, Inc.</u>, 203 F.R.D. 40 (2001), citing <u>Roche v. John Hancock Mutual Life Ins. Co.</u>, 81 F.3d 249, 256-257 (1st Cir.1996);  28 U.S.C. s. 1367(c)(3).

  However, the Supreme Court has stated that "if the federal claims are all dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed." <u>United Mine Workers of America v. Gibbs</u>, 383 U.W. 715, 726 (1966); see also <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995).

  In lieu of dismissal without prejudice, a state law claim asserted in a case which has been removed to federal court may be remanded to state court. <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 351-57 (1988)

       <u>Remand to Suffolk Superior Court Will Avoid Unfair Prejudice to the Plaintiff</u>

  As this Court observed in <u>Blick v. Pitney Bowes Management Services</u>, 1995 WL 791945 (D.Mass.):

> "Generally, remand of state claims is appropriate because "[n]eedless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Citing <u>Gibbs</u>, supra., at 725.

  As well, it is respectfully submitted that remand rather than dismissal will avoid the risk of unfair prejudice to the plaintiff and is 'preferable' to dismissal because it avoids any statute of

limitations problem and the time and expense of filing new pleadings in state court. Carnegie-Mellon, supra, at 351.

                        Respectfully submitted,
                        the plaintiff,
                        by his attorney:

                        /s/ Gregory R. Barison
                        -------------------------
                        Gregory R. Barison
                        Weston Patrick, P.A.
                        84 State Street / 11th Floor
                        Boston, MA 02109-2299
                        (617) 742-9310
                        gbarison@comcast.net
                        BBO # 029340

date: December 27, 2006