UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>            Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>            Defendant. | CIVIL ACTION No. 04 CV 11107 MLW |

DEFENDANT'S RESPONSE TO THE COURT'S
MEMORANDUM AND ORDER TO SHOW CAUSE

Defendant Verizon Communications Inc. ("Verizon") submits this brief response to the Court's Memorandum and Order To Show Cause ("Order").

To the extent that the Court is concerned that the case should no longer be in federal court because of the dismissal of the federal claims, Verizon submits that the Court continues to have subject matter jurisdiction, because this case meets and always has met the requirements for diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).[1] First, the parties are diverse. Plaintiff James Sultan is a citizen of Massachusetts. See Amended Complaint, ¶ 1. Verizon is a Delaware corporation with its principal place of business in New York, New York.[2] See Affidavit of Jane A. Schapker, attached hereto as Exhibit A. Although no longer in the case, the two individual defendants, Bruce Merkis and Harvey Jackson, are citizens of New York and Maryland, respectively. See Amended Complaint, ¶¶ 4-5. Second, Sultan alleges in his original

---

[1] This issue was raised with the Court at the Rule 16 conference on April 18, 2005. In the parties' Joint Statement, Sultan asserted that the case should be remanded to state court because of the dismissal of his federal claims. See Joint Statement, p. 3 n.3. During the conference, the Court raised the issue of whether it retained subject matter jurisdiction. Counsel for Verizon explained that there was diversity jurisdiction, and Sultan did not dispute that fact. As a result, the Court was satisfied at that time that it retained subject matter jurisdiction, despite the dismissal of all claims under federal law.

[2] Sultan does not dispute that Verizon is not a citizen of Massachusetts, as defined under § 1332(c). See Amended Complaint, ¶ 3.

B3295598.1

complaint that he has damages far in excess of the $75,000 amount-in-controversy requirement. See Chart of damages, attached to the Complaint. Thus, the requirements of 28 U.S.C. § 1332(a) have been satisfied.[3] Finally, as none of the defendants is a citizen of Massachusetts, this case was removable to federal court, even in the absence of any federal claims. See 28 U.S.C. § 1441(b).

To the extent that the Order reflects a belief that no court -- state or federal -- has jurisdiction to hear Sultan's remaining claim because it falls within the exclusive jurisdiction of the National Labor Relations Board, Verizon does not disagree that the claim should be dismissed on the merits.

VERIZON COMMUNICATIONS, INC.

By its attorneys,

s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: January 8, 2007

### CERTIFICATE OF SERVICE

I, Robert A. Fisher, certify that on January 8, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

s/ Robert A. Fisher

---

[3] Even if diversity jurisdiction did not exist, this Court has the discretionary authority to retain jurisdiction over the state law claim, pursuant to 28 U.S.C. § 1367(c). In Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996), the First Circuit held that the district court correctly retained supplemental jurisdiction over the remaining state law claims because "[t]he litigation had matured well beyond the nascent stages, discovery had closed, and the summary judgment record was complete . . ." See also Walsh v. Town of Lakeville, 431 F.Supp. 2d 134, 149 (D. Mass. 2006). Here, Sultan filed his original complaint on April 30, 2004, and Defendants removed the case to federal court on May 26, 2004. Pursuant to the Court's amended Scheduling Order, discovery was completed by the parties on February 28, 2006, and Verizon's motion for summary judgment is pending before the Court. At this stage of the litigation, efficiency would not be served by dismissing the case other than on the merits.