UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>JAMES SULTAN</u>,

        Plaintiff

v.                                                    CIVIL ACTION
                                                       NO. 04-11107-MLW

<u>VERIZON COMMUNICATIONS, INC.</u>, et al

        Defendants

<u>PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE</u>

  The instant case began with a complaint filed with the Massachusetts Commission Against Discrimination on October 31, 2002.

  The plaintiff respectfully submits that, poised as this matter is for a hearing on the Defendant's Motion for Summary Judgment, it would be far too drastic and unjust an action to allow said Motion because of his counsel's missteps.

  Allowing the Motion for such a reason would be tantamount to a dismissal, which is so harsh a penalty that it should be applied only in extreme cases. <u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831, citing <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Raiford v. Pounds</u>, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam); and <u>Industrial Building Materials, Inc. v. Interchemical Corporation</u>, 437 F.2d 1336, 1339 (9th Cir. 1970).

  The court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. <u>Thompson</u>, supra, at 831, citing <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984) and <u>Mir v. Fosburg</u>, 706 F.2d 916, 918 (9th Cir. 1983).

With the within prompt filing of an Opposition which is properly formatted and which expands on and adds citations in support of the plaintiff's position of the issue raised by the Court in its 1/16/07 Notice to Show Cause (whether or not the defendant was the plaintiff's employer), the plaintiff suggests that the above-cited considerations weigh in favor of allowing this employment discrimination claim to proceed to a decision on the merits.

        Respectfully submitted,
        the plaintiff,
        by his attorney:

        /s/ Gregory R. Barison
        _____
        Gregory R. Barison
        Weston Patrick, P.A.
        84 State Street / 11th Floor
        Boston, MA 02109
        BBO # 029340
        (617) 742-9310
        gbarison@comcast.net

January 17, 2007

## Certificate of Service

I, Gregory R. Barison, certify that on January 18, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendant by electronically serving it counsel of record.

        /s/ Gregory R. Barison