UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*****************************
James M. Sultan,              *
                              *
         plaintiff            *
                              *
v.                            *      CIVIL ACTION NO. 04-11107-MLW
VERIZON SERVICES GROUP,       *
                              *
         defendant            *
*****************************
```

## SECOND AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

I. Introduction

   This action is brought by James M. Sultan against Verizon Services Group, his former employer. James M. Sultan alleges that Verizon Services Group discriminated against him in violation of the Massachusetts Fair Employment Practices Act., M.G.L.c. 151B, due to his age, when it terminated his employment on May 1, 2001.

II. Parties

1. Plaintiff James M. Sultan (hereinafter "Sultan") is a resident of Dorchester, Suffolk County, Massachusetts. Plaintiff was an employee of the defendant for approximately eighteen years until he was unlawfully terminated on May 1, 2001. Mr. Sultan was born on February 14, 1949.

2. The defendant, Verizon Services Group, now known as Verizon Services Corp. (hereinafter "Verizon"), is a wholly owned subsidiary of Verizon Communications, Inc., and has an office located in Boston, Suffolk County, Massachusetts.

III. Statement of Facts

3. Sultan was employed as a Systems Engineer by the defendant for more than eighteen years until his employment was unlawfully terminated on May 1, 2001.

4. At all times during his employment by the defendant, Sultan performed his duties is a fully satisfactory manner.

5. In August of 2000 Sultan traveled to defendant's New York office to meet at his request with Bruce Merkis, the supervisor of Sultan's immediate supervisor, Harvey Jackson. Sultan asked to meet with Merkis because he was the only employee in his group who was required to report to an outside contractor. At this meeting Merkis asked Sultan his age. During the same meeting Merkis suggested that Sultan was having a hard time keeping up with the work because he was not current with the technology unlike the younger employees. Sultan had provided Merkis evidence of his continuing education which he had undertaken to remain current with the technology.

6. In March 2001 Harvey Jackson advised Sultan that he was being placed on a performance improvement plan. Prior to that time Sultan always received satisfactory performance reviews. Upon information and belief, Sultan alleges that he was placed on the performance improvement plant in order to eliminate his position due to his age.

7. On or about March 22, 2001 Sultan wrote on his performance appraisal that being placed on the performance improvement plan was a "smokescreen" for eliminating older workers in favor of hiring younger employees.

8. Sultan was advised that he was to attend a meeting on or about April 26, 2001 to discuss his performance improvement plan. Sultan, believing that this meeting was to be investigatory in nature and could result in the imposition of discipline, requested of Jackson that he, Sultan, be allowed to have Bela Hasek, his former team leader present at the meeting. Sultan was seeking to assert his "Weingarten" right to have a co-worker present at such a meeting, as provided by the National Labor Relations Act. Sultan also wanted Mr. Hasek to be present because he was his

former team leader and was familiar with his work performance. Jackson said he would get back to Sultan.

9. Hasek came to the meeting on April 26, 2001. He was asked to leave by Jackson. The meeting did not take place on that date.

10. Jackson advised Sultan that he could not have a co-worker present. Jackson advised Sultan that if he made the request again he would be terminated for insubordination. Sultan again stated his desire to have a co-worker present. He was then advised by Jackson that his employment was terminated.

11. Sultan had every intention to attend the meeting on May 2, 2001 with or without a co-worker.

12. Sultan believed in good faith he was exercising his right as protected by the National Labor Relations Act to have a co-worker present at a meeting that is investigatory in nature and could result in the imposition of discipline.

13. Upon information and belief Sultan's position was filled by an individual who is substantially younger than he is . The person who filled the position is Bill Driscoll who is twenty to thirty years old.

14. Upon information and belief, Sultan, Hasek and Earl Hinkly, all of whom are over forty and the three oldest employees in the Boston Desktop P.C. Group were all targeted for termination because of their age. Mr. Hasek and Mr. Hinkley also had their employment terminated by the defendant.

Count I - Age Discrimination - M.G.L.c. 151B

15. Sultan realleges all prior paragraphs as if fully set forth herein.

16. Sultan filed a timely charge with the Massachusetts Commission Against Discrimination ("MCAD") and filed this complaint at the expiration of ninety days after the filing of the

aforesaid complaint with the MCAD.

17. Sultan is a member of a protected class by virtue of his age (52 years old a the time of his termination) pursuant to G.L.c. 151B.

18. The defendant discriminated against Sultan in terms, conditions and privileges of employment, including but not limited to, placing him on a performance improvement plan and subsequently terminating his employment, not for any legitimate reason but because of his age, thereby violating G.L.c. 151B.

19. As a direct and proximate cause of the aforesaid discrimination, Sultan incurred and continues to incur a substantial loss of wages and benefits and has suffered and continues to suffer severe emotional distress. Sultan will continue to suffer these, as well as other damages, to be established at trial.

   WHEREFORE, the plaintiff prays :

      1. That he be granted a Jury Trial;

      2. That he be awarded damages in an amount to be determined at trial for financial losses sustained and other damages to be determined at trial, including but not limited to:

         a. Loss of income and benefits;

         b. Future loss of income and benefits;

         c. Damages for severe emotional distress;

         d. Treble damages pursuant to G.L.c. 151B, s.9;

         e. Compensatory damages;

         f. Punitive damages;

         g. Reasonable legal fees;

         h. Fees and costs of this action; and

   i. Such other relief as the Honorable Court deems meet and just.

      Respectfully submitted,
      the plaintiff,
      by his attorney:

      /s/ Gregory R. Barison
      _____
      Gregory R. Barison
      Weston Patrick, P.A.
      84 State Street / 11th Floor
      Boston, MA 02109
      BBO # 029340
      (617) 742-9310
      gbarison@comcast.net

February 6, 2007

### Certificate of Service

 I, Gregory R. Barison, certify that on February 6, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendant by electronically serving it counsel of record.

      _____ /s/ Gregory R. Barison