UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

JAMES M. SULTAN,

        Plaintiff,

v.

VERIZON SERVICES GROUP,

        Defendant.

CIVIL ACTION No. 04 CV 11107 MLW

### ANSWER OF DEFENDANT VERIZON SERVICES GROUP TO AMENDED COMPLAINT

Defendants Verizon Services Group ("VSG") hereby answers the Seconded Amended Complaint of Plaintiff James M. Sultan ("Sultan").

#### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

The first unnumbered paragraph is introductory in nature, to which no responsive pleading is required. As to each of the numbered paragraphs of the Second Amended Complaint, VSG responds as follows:

1.     VSG admits that Sultan's date of birth is February 14, 1949 and that Sultan was an employee of VSG at the time of his termination and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Second Amended Complaint.

2.     VSG admits that it is an indirect, wholly owned subsidiary of Verizon Communications Inc. and that a related corporate entity maintains an office in Boston, Suffolk County, Massachusetts.

B3316949.1

3. Paragraph 6 of the Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that it contains any factual allegations, VSG denies those allegations.

4. VSG denies the allegations of paragraph 4 of the Second Amended Complaint.

5. VSG admits that Sultan requested a meeting with Bruce Merkis ("Merkis") and did in fact meet with Merkis, lacks knowledge or information sufficient to form a believe as to the truth or falsity of the allegations as to Sultan's reasons for requesting that meeting, and otherwise denies the allegations of paragraph 5 of the Second Amended Complaint.

6. VSG admits that Sultan was informed in or about March 2001 that he was being placed on a performance improvement plan ("PIP") and otherwise denies the allegations of paragraph 6 of the Second Amended Complaint.

7. VSG states that the March 2001 performance appraisal and Sultan's written comments thereon speak for themselves, and otherwise denies the allegations.

8. VSG denies that Harvey Jackson ("Jackson") was Sultan's direct supervisor, lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Sultan believed or wanted, and otherwise admits the allegations of paragraph 8.

9. VSG admits the allegations of paragraph 9 of the Second Amended Complaint.

10. VSG admits that Jackson told Sultan that he could not have a co-worker present and that Sultan nonetheless reiterated that he wanted a co-worker to attend the PIP meeting and otherwise denies the allegations of paragraph 10 of the Second Amended Complaint.

11. VSG denies the allegations of paragraph 11 of the Second Amended Complaint.

12. VSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Second Amended Complaint.

13. VSG denies the allegations of paragraph 13 of the Second Amended Complaint.

14. VSG admits that Hasek and Earl Hinkley were part of a reduction in force and otherwise denies the allegations of paragraph 14 of the Second Amended Complaint.

15. VSG repeats and incorporates herein its responses to paragraphs 1 though 14 of the Second Amended Complaint.

16. VSG admits that Sultan filed a charge with the Massachusetts Commission Against Discrimination and otherwise denies the allegations of paragraph 16 of the Second Amended Complaint.

17. Paragraph 17 of the Second Amended Complaint asserts a conclusion of law to which no responsive pleading is required.

18. VSG denies the allegations of paragraph 18 of the Second Amended Complaint.

19. VSG denies the allegations of paragraph 19 of the Second Amended Complaint.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred because Sultan failed to satisfy the administrative prerequisites to filing suit.

### FIFTH DEFENSE

Sultan failed to timely file a charge of discrimination with the Massachusetts Commission Against Discrimination.

### SIXTH DEFENSE

Plaintiff's claims are preempted by the National Labor Relations Act.

### SEVENTH DEFENSE

The National Labor Relations Board has exclusive jurisdiction over Plaintiff's claims.

### EIGHTH DEFENSE

Plaintiff's claims fail as a matter of law because Sultan's employment with VSG was at-will.

### NINTH DEFENSE

Plaintiff's claims fail as a matter of law because Sultan voluntarily terminated his employment.

### TENTH DEFENSE

Defendant's actions, if any, towards Sultan were for legitimate, non-discriminatory reasons.

### ELEVENTH DEFENSE

Plaintiff's claims fail because of job abandonment.

### TWELFTH DEFENSE

Sultan's alleged injuries, if any, are barred by the exclusivity provisions of the Worker's Compensation Act.

### THIRTEENTH DEFENSE

Plaintiff's alleged damages are not recoverable as they are speculative.

### FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

WHEREFORE, VSG respectfully requests that the Court dismiss Sultan's Second Amended Complaint, grant judgment to it on all counts of the Second Amended Complaint, award it attorneys' fees and costs incurred in defending this action and grant such other relief as the Court deems just and proper.

VERIZON SERVICES GROUP

By its attorneys,

s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated:  February 16, 2007

## CERTIFICATE OF SERVICE

    I, Robert A. Fisher, hereby certify that on February 16, 2007 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to counsel of record for each other party in this matter.

s/ Robert A. Fisher