```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JAMES SULTAN,                         )
     Plaintiff,                       )
                                      )
          v.                          )   C.A. No. 04-11107-MLW
                                      )
                                      )
VERIZON SERVICES GROUP,               )
     Defendant.                       )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 27, 2007

On February 5, 2007, the court conducted a hearing on defendant's motion for summary judgment. For the reasons described at the hearing, the court decided that: because the parties are citizens of different states, subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a); plaintiff James Sultan's oral motion to amend his complaint to name Verizon Services Group as the defendant in place of Verizon Communications Corporation is meritorious; and Sultan's complaint was timely filed. The court took under advisement the issues of whether Sultan's M.G.L. c. 151B claim is preempted by federal law and, if not, whether the evidence is sufficient for a reasonable factfinder to conclude that Sultan was terminated because of his age in violation of that statute. For the reasons described below, the court concludes that Sultan's claim is not preempted and that the evidence is sufficient to require a trial on it. Therefore, defendant's motion for summary judgment is being denied.

With regard to preemption, generally a state may not regulate conduct arguably protected by sections 7 or 8 of the National Labor Relations Act (the "NLRA"), 29 U.S.C. §157 et seq. San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236 (1959). Where it is unclear whether a specific activity falls under the NLRA, exclusive jurisdiction remains with the National Labor Relations Board (the "NLRB"). Id. at 244-45. Thus, the scope of the NLRA must be left in the first instance to the NLRB. Id. However, where the NLRB has resolved the ambiguity, defined the nature of the activity "with unclouded legal significance," and determined that the activity does not fall under the NLRA, the activity may be regulated by the state. Id. at 245-46.

A dismissal by a NLRB Regional Director has been held to resolve sufficiently the legal significance of an activity to permit regulation by the state. See Hanna Mining Co. v. Dist. 2, Marine Engineers Beneficial Assoc., AFL-CIO, 382 U.S. 181, 190 (1965). In Hanna Mining, a Regional Director of the NLRB determined, and issued a statement explaining, that the activities complained of by the plaintiff did not violate the NLRA. Id. at 184-85. The NLRB subsequently affirmed that decision, giving the same reason provided by the Regional Director. Id. at 185. These statements settled with "unclouded legal significance" the status of the plaintiff's claim and, therefore, precluded both application of the NLRA and preemption. Id. at 190.

In the instant case, the interpretation of the NLRA was left in the first instance to the NLRB, which decided clearly that defendant's conduct did not implicate, and therefore did not violate, Sultan's rights described in NLRB v. Weingarten, Inc., 420 U.S. 251 (1975). Weingarten held that an employee in a unionized workplace may request, under the NLRA, the presence of a union representative at an interview that he reasonably believes will result in disciplinary action. See 420 U.S. at 256.

Dismissing Sultan's NLRA complaint, the NLRB Regional Director explained that the meeting at issue between Sultan and his supervisors was not investigatory in nature. See Letter from Rosemary Pye, Regional Director, NLRB (August 22, 2001). Rather, that meeting was called to counsel Sultan, not potentially to discipline him. Id. Absent a meeting that could result in discipline, there was no right to a representative under the NLRA. Id. Thus, the Regional Director clearly defined the legal significance of the contested meeting and found that the NLRA does not apply to Sultan's claim. The NLRB's General Counsel affirmed the Regional Director's dismissal. Therefore, this case is analogous to Hannah Mining, in which preemption was not found to operate.

Contrary to the defendant's contention, this conclusion is not qualified by the First Circuit's decision in Chaulk Services, Inc. v. MCAD, 70 F.3d 1361 (1st Cir. 1995). In Chaulk, the First

3

Circuit held that, regardless of what label a plaintiff affixes to his complaint, preemption applies whenever the facts at the root of a conflict are properly subject to the NLRA. See 70 F.3d at 1365-66. In Chaulk, the plaintiff could have brought her complaint to the NLRB. Id. Indeed, the NLRB took jurisdiction over the matter when the plaintiff's union raised the issue on her behalf. Id. Accordingly, the matter was likely covered by the NLRA, and jurisdiction was properly and exclusively with the NLRB. Id. In the instant action, however, the NLRB clearly determined that the NLRA was not applicable to the matter in dispute. Accordingly, it is clear that relief is not even arguably available under the NLRA. Therefore, Chaulk is distinguishable from the instant action.

The defendant's reliance on Local Union No. 12004, USW v. Massachusetts, 377 F.3d 64 (1st Cir. 2004), is similarly unavailing. In Local Union, the First Circuit reiterated, in the course of an unrelated abstention discussion, that preemption applies where conduct is arguably covered under the NLRA. 377 F.3d at 78-79. As there is no conduct in this case that is arguably covered by the NLRA, this principle does not apply.

Accordingly, the court concludes that Sultan's claim is not preempted by the NLRA.

As indicated earlier, Sultan has presented sufficient evidence to permit a reasonable factfinder to conclude that he was terminated because of his age in violation of M.G.L. c. 151B. More

specifically, there is direct evidence that Sultan was fired because of his age, as well as supporting indirect evidence. Bruce Merkis was Sultan's ultimate supervisor. Sultan asserts that when a dispute arose concerning the quality of his work, Merkis asked how old Sultan was and, when told that Sultan was 51, Merkis stated that he was the person who wanted Sultan out of the organization. Sultan was fired nine months later by Merkis' subordinate, Harvey Jackson. Other older employees were also fired, while younger employees were retained. Viewed in the light most favorable to Sultan, this evidence is sufficient to permit a reasonable factfinder to conclude that Sultan was terminated, solely or in part, because of his age. Therefore, a jury must decide Sultan's claim. See Sullivan v. Liberty Mutual Insurance Company, 444 Mass. 34, 38-39 (2005).

   Because there is direct evidence to support Sultan's claim, and because his termination was part of a reduction in force, the defendant is incorrect in contending that Sultan's claim fails because he has not presented any evidence that he was replaced by a younger person. Such evidence is required in a c. 151B case, not involving a reduction in force, when there is no direct evidence of discrimination. Sullivan, 444 Mass. at 41. However, the "McDonnell Douglas test [which requires presentation of a prima facie case] is inapplicable where the plaintiff presents direct evidence of discrimination," as Sultan has done here. Wynn & Wynn P.C. v.

5

<u>Massachusetts Commission Against Discrimination</u>, 431 Mass. 655, 665 (2000). Moreover, in a reduction in force case, even when a plaintiff relies solely on circumstantial evidence, he "may satisfy . . . [his] prima facie case by producing some evidence that [his] layoff occurred in circumstances that would raise a reasonable inference of an unlawful discrimination."  <u>Sullivan</u>, 444 Mass. at 45. The direct and indirect evidence described earlier raises such an inference.

    Accordingly, it is hereby ORDERED that:

    1. Defendant's Motion for Summary Judgment, (Docket No. 34), is DENIED.

    2.   A pretrial conference will be held on May 15, 2007, at 3:00 p.m. The parties shall comply with the attached Order concerning that conference.

    3.   Trial will commence on May 29, 2007, at 9:00 a.m.

                                 /s/ Mark L. Wolf
                                 UNITED STATES DISTRICT JUDGE