UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON SERVICES GROUP,<br><br>        Defendants. | CIVIL ACTION No. 04 CV 11107 MLW |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING

    Defendant Verizon Services Group ("VSG") seeks to exclude Plaintiff James Sultan's ("Sultan") damages expert, Edward Berger, from testifying in this matter. As described below, Sultan has failed to comply with the expert disclosure requirements of Rule 26(a)(2)(B). Further, Berger's testimony would be unreliable because his proposed methodology for calculating Sultan's alleged damages is wrong as a matter of law.

BACKGROUND

    On February 25, 2006, three days before the close of discovery in this case, Sultan sent a supplemental interrogatory answer by mail to VSG, which for the first time identified a damages expert, Edward P. Berger ("Berger"). See Affidavit of Robert A. Fisher in Support of Defendant's Motion in Limine ("Fisher Aff."), Ex. A. Sultan enclosed Berger's curriculum vitae and a two and a half page memorandum from Berger to Sultan's counsel, dated February 22, 2006. Id. The information provided did not identify: (1) the data or other information considered by Berger in forming his opinions, other than Sultan's age and compensation from VSG in 2000; (2) any exhibits that Berger intends to use as a summary of or in support for his

B3348503.1

opinions; (3) a list of all publications authored by him within the preceding 10 years, despite that his CV indicated that he had authored numerous reports and newsletters; (4) the compensation he received for formulating his opinions and for his testimony at trial; and (5) a listing of any and all cases in which he has testified as an expert at trial or deposition. See id.

In the memorandum, Berger outlined his opinion regarding Sultan's alleged past and future lost income. See id. In doing so, he did not account for income that Sultan has received from other employment since his termination from VSG in 2001. See id. Nor did he offset any lost future income by Sultan's future earnings. See id. However, Sultan testified at deposition that he has held and continues to hold a full-time position with Allied Barton and a second part-time job with METCO. See Fisher Aff., Ex. B. Further, Sultan previously held a full-time job with a company called PCF and a part-time job with Stop & Shop. Id. Berger's methodology for calculating Sultan's alleged lost income, as outlined in the memorandum, fails to take into account this other employment.

## ARGUMENT

I. <u>Sultan Has Failed to Comply With Rule 26(a)(2)(B).</u>

Sultan has failed to disclose all information required by Rule 26(a)(2)(B). That rule requires the automatic disclosure of the identity of the testifying expert accompanied by a written report signed by the expert. Pursuant to the rule, the report must contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. Pro. 26(a)(2)(B). The purpose of these requirements is to better prepare opposing counsel for cross-examination thereby increasing the quality of trials. See Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005).

Assuming that Berger's two and a half page memorandum to Sultan's counsel can be characterized as a written report like that contemplated by the rules, Sultan has failed to provide nearly all of the information required to be included in that report. First, the memorandum does not state whether or not Berger intends to rely upon any exhibits at trial. Second, Sultan has failed to disclose Berger's publications over the last 10 years, although his CV indicates that he is a frequent author of numerous articles and newsletters. Third, the memorandum fails to state Berger's compensation for the study and for testifying. Fourth, the memorandum omits the specific cases in which Berger has testified or been deposed as an expert. Finally, the memorandum does not disclose the data or other information considered by Berger. The memorandum only asserts two "facts:" Sultan's age and his compensation from VSG in 2000.

These omissions warrant an order precluding Berger from testifying at trial. Rule 37(c) states that if a party fails to disclose information required by Rule 26(a), then the party "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. Pro. 37(c). Courts have repeatedly found that the omissions like those at issue here are not harmless and warrant exclusion of the expert from testifying. See Pena-Crespo, 408 F.3d at 13-14 (explaining that the failure to disclose the required expert report information "undermines opposing counsel's ability to prepare for trial" and affirming the district court's exclusion of the expert from testifying at trial); Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico; 248 F.3d 29, 35 (1st Cir. 2001) (failure to disclose prior cases in which expert had testified or been

deposed "frustrates the purpose of candid and cost-efficient expert discovery" and the district court was warranted in excluding witness from testifying); Norris v. Murphy, C.A. No. 00-12599-RBC, 2003 U.S. Dist. LEXIS 10795, *14 (D. Mass. June 26, 2003) (expert's failure to disclose prior cases in which he had testified or been deposed was not harmless and mandated exclusion of the witness from testifying). These decisions make clear that Sultan's failure to provide all of the information required by Rule 26(a)(2)(B) impedes VSG's ability to prepare for and to cross-examine Berger at trial and thus cannot be viewed as harmless.[1] For this reason, the exclusion of the witness is a "standard sanction" for failing to comply with Rule 26(a). See Pena-Crespo, 408 F.3d at 13.

II.   Berger's Proposed Testimony is Unreliable.

Further, Berger should also be excluded from testifying because his proposed methodology for calculating Sultan's alleged lost back and future pay is unreliable. See Fed. R. Evid. 702; Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). It is well-established that any back pay or front pay award under M.G.L. ch. 151B must be reduced by the plaintiff's income from other employment. See Conway v. Electric Switch Corp., 523 N.E.2d 255, 257, 402 Mass. 385, 389 (1988); see also Blockel v. J.C. Penney Co., 337 F.3d 17, 27-28 (1st Cir. 2003). Here, Sultan testified at deposition that he has earned and continues to earn income from other employment since his termination in 2001, but Berger does not intend to offset Sultan's allegedly lost income by these amounts. He apparently intends to offer an opinion regarding Sultan's alleged lost back and front pay which is based upon the false assumption that Sultan has had and will have no other employment since the termination of his employment from VSG.

---

[1] For example, in Norris, the Court explained that the expert's prior trial or deposition testimony might reveal that the expert has rendered different opinions on similar issues in the past or reveal avenues for questioning in the case at hand. See 2003 U.S. Dist. LEXIS 10795 at *12-13.

Because Berger's opinion in this regard is artificially inflated, his testimony would be speculative as a matter of law and therefore unreliable. See <u>Handrahan v. Red Roof Inns, Inc.</u>, 680 N.E.2d 568, 577, 43 Mass. App. Ct. 13 (1997).

For these reasons, VSG respectfully requests that the Court grant its motion in limine to exclude the testimony of Sultan's expert and grant such other and further relief as the Court deems just and proper.

>VERIZON SERVICES GROUP
>
> By its attorneys,
>
> s/ Robert A. Fisher
> Arthur G. Telegen, BBO #494140
> Robert A. Fisher, BBO #643797
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210
> (617) 832-1000

Dated: May 1, 2007

## CERTIFICATE OF SERVICE

I, Robert A. Fisher, certify that on May 1, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

> s/ Robert A. Fisher