UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************
James M. Sultan,              *
                              *
         plaintiff            *
                              *
v.                            *       CIVIL ACTION NO. 04-11107-MLW
VERIZON SERVICES GROUP,       *
                              *
         defendant            *
*******************************
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

### "Elephantem ex musca facis" or "making an elephant out of a fly"

Mr. Berger's opinion is not terribly arcane: if the plaintiff had not been terminated by the defendant (and conservatively assuming that he never made a penny more than he did in his last full calendar year of employment), how much would he have earned by the time he retired at age 65? What is the present value of that number?

We deal here not with complicated or controversial scientific matters, but with a routine computation based on clearly stated assumptions. It beggars the imagination to believe that the sophisticated defendant in this action is puzzled or flummoxed by Mr. Berger's straightforward calculations or would be prejudiced by their presentation to a jury.

Of course the final number derived by Mr. Berger is not the end of the inquiry. Of course the plaintiff has a duty to mitigate his damages by seeking new employment and disclosing any subsequent earnings.

He has done so, providing his post-termination tax returns in his Rule 26(a)(1)(B) initial disclosure (**Exhibit 1**) and in paragraphs 6 through 12 of his Affidavit of the Plaintiff, Pursuant

to F.R.Civ. P. 26(a)(1)C) and Local Rule 26.1 (B)(1)(a) (**Exhibit 2**), both of which were served on defense counsel on January 26, 2006, shortly after plaintiff's current counsel took over the case.

As well, he has done so in his answers to interrogatories:

> "1. If you have held employment or engaged in any trade or business since the termination of your employment with Verizon, as for each such employment, trade or business, please set forth the name of the employer, trade or business, the dates of employment, your job titled or position, your wage rate or salary and a description of your job duties.
>
> A1. There was no work I was too proud to do to support my family after I was wrongfully discharged by Verizon. I found work with, and currently still work for Spectaguard, a security company, monitoring surveillance cameras. I hold a second job, doing computer work in the evenings for METCO, a non-profit organization which sends inner city youth to suburban public schools. My income from these positions is as shown on the tax returns (Federal and Massachusetts) previously provided to the defendant." (**Exhibit 3**)

He has done so in his deposition testimony (appended as an exhibit to defendant's motion) and his agreement to provide the defendant with the tax returns just filed for the tax year 2006. Of course the defendant is entitled to an offset.

Glossed over in the defendant's motion is the fact that Mr. Berger's written opinion and curriculum vitae were provided (as Plaintiff's Supplemental Answers to Interrogatories) in February of **2006**. Though now professing to be unsatisfied with this expert disclosure, the defendant never brought its unhappiness with same to the plaintiff's attention, preferring to litigate by surprise rather than invoking Local Rule 37.1 regarding discovery disputes.

Appended hereto as **Exhibit 4** is Mr. Berger's invoice; he charged the princely sum of $750.00 for his work.

The defendant is fully capable of responding to Mr. Berger's opinion and cross examining him on his qualifications and the foundations for his opinion. Mr. Berger's opinion does not deal with

a complex subject and presents no new theory of damages. See <u>Downeast Ventures, Ltd. v. Washington County</u>, 450 F. Supp. 2d, 106, 112 (D.Me. 2006); <u>Ferrara & DiMercurio v. St. Paul Mercury</u>, 240 F.3d 1, 10 (1st Cir. 2001)(no material prejudice, unfair surprise or inability to formulate a response to expert opinion).

Any defects in the plaintiff's expert disclosure are harmless and the defendant's motion should be denied.

                                    Respectfully submitted,
the plaintiff,
by his attorney:

/s/ Gregory R. Barison
_____
Gregory R. Barison
Weston Patrick, P.A.
84 State Street / 11th Floor
Boston, MA 02109
BBO # 029340
(617) 742-9310
gbarison@comcast.net

May 7, 2007

Certificate of Service

I, Gregory R. Barison, certify that on May 7, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendant by electronically serving it counsel of record.

                                    /s/ Gregory R. Barison