UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SULTAN, <br><br> Plaintiff <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., <br><br> Defendant | <br><br><br><br> CIVIL ACTION <br> NO. 04-11107-MLW |

PLAINTIFF'S ANSWERS TO THE DEFENDANT'S INTERROGATORIES

1. If you have held employment or engaged in any trade or business since the termination of your employment with Verizon, as for each such employment, trade or business, please set forth the name of the employer, trade or business, the dates of employment, your job titled or position, your wage rate or salary and a description of your job duties.

A1. There was no work I was too proud to do to support my family after I was wrongfully discharged by Verizon. I found work with, and currently still work for Spectaguard, a security company, monitoring surveillance cameras. I hold a second job, doing computer work in the evenings for METCO, a non-profit organization which sends inner city youth to suburban public schools. My income from these positions is as shown on the tax returns (Federal and Massachusetts) previously provided to the defendant.

2. Set forth the name of any person with knowledge of the allegations set forth in the Compliant and, for each such person, set forth his or her address, telephone number and current employer, if known.

A2. The people listed in my mandatory disclosure statement are the only folks known or belived by me to have information relevant to my case.

3. Identify any person with whom you have discussed the allegations of the Complaint, other then (sic) counsel, and for each such person, set forth his or her address, telephone number, current employer, if known, the date of any such discussion and the substance of any such discussion.

A3. Of course, I discussed my case with representatives of MCAD, the NLRB and the EEOC. I do not recall who these persons were, but believe that their names appear on the documents generated in connection with the claims I filed with each.

4. Identify each and every person from you you have received medical, psychiatric, psychological or emotional treatment, consultation, therapy or assistance at anytime from 1998 to the present, and for each such person, set forth his or her address, telephone number and

current employer, if known.

A4. I have not sought counseling from any physician or psychologist. I sought spiritual guidance through prayer; I have prayed for the strength to avoid bitterness and to constructively go about making the best life possible for myself, my family and my community.

5. Please identify every document which you believe supports or tends to support your claims, as alleged in the Complaint.

A5. I belive my case is amply supported by the documents, organized into files, which I have identified in my initial mandatory disclosure statement, and which my attorney has made available to the defendant for inspection and copying. What the significance or effect of any particular document is or might be depends on the mental impressions, conclusions, opinions and legal theories of plaintiff's counsel, rendering a further response to this interrogatory privielged under the work product doctrine.

6. Please identify all persons whom you expect to call as an expert witness at trial or other hearing in this matter, and for each state (a) the person's qualifications or expertise, (b) the subject matter on which such person is expected to testify, (c) the substance of all facts and opinions to which such person is expected to testify and (d) a detailed summary of the grounds for each such opinion, including the identify of each document upon which such person has relied or expected to rely in formulating such opinion.

A6. It has not yet been determined if expert testimony will be offered on my behalf. I understand that I have an obligation under the Rules of Civil Procedure and court orders to supplement this answer in a timely fashion.

7. Please list and describe with particularity the amount of damages you claim against each Defendant, and for each such amount, describe how such damages were calculated.

A7. My financial damages are as set out in my Affidavit, previously submitted in execution of my obligations regarding initial disclosure. My damages for emotional distress will be as determined by the good judgment of a jury of my peers.

8. State the basis of your claim that Verizon and/or Merkis discriminated against you on the basis of your age.

A8. In August of 2000 I traveled to Verizon's office in New York to meet, at my request, with Mr. Merkis, the supervisor of my immediate supervisor, Mr. Harvey Jackson. I had asked for this meeting because I was disturbed by the fact that I was the only Verizon employee in Mr. Jackson's group who was required to report to an outside contractor. At this meeting, Mr. Merkis first asked me my age, then said something to the effect of "never mind, forget I asked that question." Mr. Merkis then suggested that I was perhaps having a hard time keeping up with my work (which was not true) because I wasn't current with the technology as were the younger employees.

9. State the basis of your claim that Verizon and/or Merkis unlawfully terminated your employment with Verizon.

A9. I did not, after nearly eighteen years on the job, suddenly become sloppy, ineffective and uninformed. Nor was I ever insubordinate, which was the given reason for my firing. I politely pressed my right to have a co-worker present at the so-called PIP meeting that Mr. Jackson had told me to attend. I never refused to attend such a meeting, with or without a co-worker present, nor was I ever loud, belligerent or inappropriate. Workers who had, in fact, engaged in grossly inappropriate behavior (stealing examinations, threatening a co-worker or being repeatedly tardy or absent due to drinking to excess) were not summarily terminated. However, older, long time W-2 workers such as myself, Bela Hasek and Earl Hinkley, who received high salaries and substantial benefits, were pushed out in favor of contract workers, to whom Verizon need make no long term commitments and who built up no tenure or other entitlements.

Signed under the pains and penalties of perjury:
James M. Sultan:
date:

As to objections &/or supplementation:
Gregory R. Barison:
date:


        Respectfully submitted,


        ------------------------
        Gregory R. Barison
        BBO # 029340
        Weston Patrick
        84 State Street, 11th Floor
        Boston, MA 01209
        (617) 742-9310

date: