UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

******************************
James M. Sultan,              *
                              *
        plaintiff             *
                              *
v.                            *     CIVIL ACTION NO. 04-11107-MLW
VERIZON SERVICES GROUP,       *
                              *
        defendant             *
******************************

## PLAINTIFF'S STATEMENT OF OBJECTIONS TO PROPOSED EXHIBITS

Pursuant to the Court's March 27, 2007 Procedural Order, counsel for both parties listed proposed trial exhibits to which there were no objections and to which one party or the other reserved the right to object.

The defendant proposed and the plaintiff respectfully objects to the introduction into evidence of the following exhibits (lettered as found in the parties' Joint Pre-Trial Memorandum):

C. Deposition of James M. Sultan, Vol. I & II. The plaintiff objects to the introduction of deposition transcripts as exhibits because the manner of use of a party's deposition testimony is well-settled; the transcript can be used to impeach plaintiff's testimony &/or relevant portions of the transcript can be read to the jury.

D. E-mail between J. Conte and H. Jackson, dated 3/23/2001. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. What these two people communicated to each other, even if about the plaintiff, is naked hearsay.

E. Employee Corrective Review Form. The plaintiff objects to management documents which

were not sent to plaintiff and relevant on an issue of his knowledge or state of mind.

F. Supervisor's Guide to Performance Improvement for Management Employees.  The plaintiff objects to management documents which were not sent to plaintiff and relevant on an issue of his knowledge or state of mind.

G. E-mail among H. Jackson, J. Conte & A. Saus re: Sultan email, dated 4/24/2001. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. What these three people communicated to each other, even if about the plaintiff, is naked hearsay.

H. E-mail among J. Conte, J. Jackson and others, dated 4/26/01. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. What these two people communicated to each other, even if about the plaintiff, is naked hearsay.

I. E-mail between H. Jackson and A. Saus, dated 5/1/2001. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. What these two people communicated to each other, even if about the plaintiff, is naked hearsay.

J. Charge of Unfair Labor Practices dated May 2, 2001. The Court has ruled that the plaintiff's claim for employment discrimination was not pre-empted by his initial filing of a claim with the National Labor Relations Board; its admission into evidence would be irrelevant, confusing and needlessly time-consuming. F.R.E. 102, 403.

K. August 22, 2001 Letter from R. Pye of the National Labor Relations Board. The Court has ruled that the plaintiff's claim for employment discrimination was not pre-empted by his initial filing of a claim with the National Labor Relations Board; its admission into evidence would be

irrelevant, confusing and needlessly time-consuming. F.R.E. 102, 403.

L. Fax transmissions from J. Sultan to R. Pye of the National Labor Relations Board. The Court has ruled that the plaintiff's claim for employment discrimination was not pre-empted by his initial filing of a claim with the National Labor Relations Board; its admission into evidence would be irrelevant, confusing and needlessly time-consuming. F.R.E. 102, 403.

M. Letter from J. Sultan to N. To, dated 4/18/2004. The plaintiff's expression of his unhappiness with how his Charge of Discrimination was handled by the MCAD is irrelevant, confusing and needlessly time-consuming. F.R.E. 102, 403.

N. Series of e-mail regarding E911 Image. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. As well, these emails are full of "tech speak" and would serve to confuse the issue, mislead the jury and occasion an undue delay, waste of time and needless presentation of cumulative evidence. F.R.E. 102, 403.

O. Series of email regarding NT Security setup. The plaintiff objects to the use of emails which were not a.) authored by the plaintiff, or b.) sent to him and relevant on an issue of his knowledge or state of mind. As well, these emails are full of "tech speak" and would serve to confuse the issue, mislead the jury and occasion an undue delay, waste of time and needless presentation of cumulative evidence. F.R.E. 102, 403.

P. Employee Absence Record 2001. Irrelevant and unfairly prejudicial, as defendant has never posited plaintiff's attendance as a reason for his termination. F.R.E. 102, 403.

T. Plaintiff's Answers to Interrogatories. As with deposition testimony, there is a well-settled means by which defendant can use plaintiff's answers to interrogatories; the wholesale admission of said answers is not how it is done.

U. E-mail between J. Sultan and J. Natty, dated June 28, 2001. The plaintiff does not have this document at hand, so cannot take a position on its admissibility.

        Respectfully submitted,
        the plaintiff,
        by his attorney:

        /s/ Gregory R. Barison
        _____
        Gregory R. Barison
        Weston Patrick, P.A.
        84 State Street / 11th Floor
        Boston, MA 02109
        BBO # 029340
        (617) 742-9310
        gbarison@comcast.net

May 8, 2007

## Certificate of Service

I, Gregory R. Barison, certify that on May 8, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendant by electronically serving it counsel of record.

        /s/ Gregory R. Barison