**EXHIBIT A**

UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON SERVICES GROUP,<br><br>        Defendants. | CIVIL ACTION No. 04 CV 11107 MLW |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING

Defendant Verizon Services Group ("VSG") submits this brief reply memorandum to respond to two misstatements in Plaintiff James Sultan's ("Sultan") opposition to VSG's motion in limine to preclude Sultan's damages expert, Edward Berger, from testifying in this matter.

First, contrary to Sultan's assertions in his opposition, the requirements of Rule 26(a)(2)(B) are automatic, as are the sanctions under Rule 37(c). VSG was not obligated to first negotiate with Sultan regarding the contents of Berger's report and then move to compel. See Ortiz-Lopez v. Sociedad Espanola Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 33 (1st Cir. 2001) (explaining that Rule 37(c) is a self-executing sanction for failure to comply with the automatic disclosure requirements and that a violation of a court order to compel is not a predicate).

Nonetheless, VSG did raise the deficiencies in Berger's report to Sultan prior to the filing of this motion. In response, counsel for Sultan did not offer to produce a new report which complied with Rule 26(a)(B)(2). Sultan does not take a different position in his Opposition. Not only does he apparently concede that Berger's report fails to comply with the rules, but he also

B3354997.1

does not offer to cure its deficiencies. Thus, VSG has never been given the information that Sultan was automatically required to provide regarding his expert, and, as the trial in this matter is scheduled to begin in about two weeks, Berger should be precluded from testifying.[1]

Second, the two cases cited by Sultan do not support his claim that Berger should be permitted to testify, despite the inadequacies in his report. Neither case involved a party's failure to comply with Rule 26(a)(2)(B) or the appropriate sanction for that failure. In Ferrara & Dimercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1 (1st Cir. 2001), the issue was the defendant's expansion of the testimony of one of its experts after its other expert passed away. Because the testimony was consistent with what was encompassed in prior testimony and reports, the First Circuit found that there was no material prejudice. Id. at 10-11. Likewise, at issue in Downeast Ventures, Ltd. v. Washington County, 450 F.Supp. 2d 106 (D. Me. 2006), was the plaintiff's late designation of an expert. The court there found that the delay was harmless because trial was months away. Id. at 111-12.

---

[1] Sultan's suggestion that VSG does not need the information required by Rule 26(a)(2)(b) is contrary to the law. As set forth in VSG's memorandum and the cases cited therein, the information mandated by the rules is intended to enhance cross-examination of experts and improve the quality of trials.

For these reasons, VSG respectfully requests that the Court grant its motion in limine to exclude the testimony of Sultan's expert and grant such other and further relief as the Court deems just and proper.

VERIZON SERVICES GROUP

By its attorneys,

s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 11, 2007

## CERTIFICATE OF SERVICE

I, Robert A. Fisher, certify that on May 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

s/ Robert A. Fisher
