UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SULTAN,<br><br>            Plaintiff<br><br>v.<br><br>VERIZON SERVICES GROUP,<br><br>            Defendant | CIVIL ACTION<br>NO. 04-11107-MLW |

### PLAINTIFF'S TRIAL BRIEF

<u>Similarities and Differences in Employment Discrimination Law under Title VII of the 194 Civil Rights Act and Chapter 151B of the Massachusetts General Laws</u>:

   The two statutes are parallel in almost every respect with regards to the elements and methods of proof of age discrimination. <u>Creef v. Cognex Corp.</u>, 2007 WL 867032 (Mass. Super., 2007) (Connor, J.), citing <u>Cruz-Ramos v. Puerto Rico Sun Oil Company</u>, 202 F.3d 381, 384 (1st Cir. 2000). The only difference is in the formulation of the fourth element of a prima facie case in an employment reduction situation. Under federal law the plaintiff has the burden of making a showing that the defendant retained younger persons in the same position or otherwise failed to treat age neutrally in implementing the reduction in force. Massachusetts law requires the presentation of some evidence that the layoff occurred in circumstances that would raise a reasonable inference of unlawful discrimination.

<u>Mixed Motive</u>:

   A case will fall within the "rare class of cases, referred to as 'mixed-motive' case, when the plaintiff, armed with some strong direct evidence of discriminatory bias, demonstrates that at least one factor motivating the employer's decision is illegitimate. <u>Connolly v. Suffolk County Sheriff's Department</u>, 62 Mass. App. Ct. 187 (2004), citing <u>Wynn & Wynn, P.C. v.</u>

Massachusetts Commn. Against Discrimination, 432 Mass. 665, 666-667 (2000)..

A plaintiff may prove discrimination by direct evidence, such as evidence that the decision maker made statements related to the decisional process itself indicating a discriminatory motive, Wynn, supra, at 666.

In the case at bar, the plaintiff offers such strong, direct evidence of discriminatory motive: the comments he attributes to Bruce Merkis at the Pearl River, N.Y. meeting and the comments Bela Hasek attributes to Harvey Jackson.

This is the type of evidence that "if believed, results in an inescapable, or at least highly probable, inference that a forbidden bias was present in the workplace." Wynn, supra, at 667, n. 20, quoting from Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 300 (1991).

As well, a plaintiff may prove discrimination indirectly, by circumstantial evidence, such as evidence that the reasons the employer has articulated for its action are false, or could not be the real reasons for the employer's actions. Ventresco v. Liberty Mut. Ins. Co., 55 Mass. App. Ct. 201, 206 (2002).

Mr. Sultan proffers evidence of this type as well: that he was not insubordinate at the May 1, 2001 meeting with Harvey Jackson, that he yielded entirely and unequivocally to the latter's demand that the plaintiff attend the next day's "PIP" meeting alone and that at all times during the May 1st meeting he was polite and soft-spoken; in short, that the stated reason for his termination, insubordination, was a pretext for age discrimination.

The aggrieved employee need not choose between a mixed-motive approach and a pretext approach, but rather may proceed on either basis depending on the nature of the evidence. "The ultimate issue of discrimination does not differ depending on the type of proof available to the plaintiff." Lipchitz v. Raytheon Co., 434 Mass. 493, 502 n. 14 (2001).

<u>Admissibility of MCAD and NLRB decisions</u>:

The decisions by the MCAD and the NLRB were not final decisions following evidentiary hearings in which witnesses were placed under solemn oath, subject to cross-examination.

"Generally, the courts of appeals are in agreement that it is not error to exclude the investigator file of the EEOC in order to insure a fair and independent determination of the facts by the court. As one court has noted, the EEOC file is a "mish-mash of self-serving and hearsay statements and records... justice requires that the testimony of the witnesses be given in open court, under oath, and subject to cross examination." <u>Smith v. Massachusetts Institute of Technology</u>, 877 F.2d 1106, 1113 (1989), citing <u>Gillin v. Federal Paper Board Co.</u>, 479 F.2d 97, 99 (2d Cir. 1973).

While the plaintiff had consulted counsel before filing complaints with the NLRB and the MCAD, he was drafting these documents and pressing his claims pro se, without benefit of discovery. Please see these excerpts from the plaintiff's Affidavit offered in support of his opposition to the defendant's Motion for Summary Judgment:

> 20.) I filed the charge with the NLRB related to the events of April 26th, when I was not permitted to attend the PIP meeting with a co-worker of my choosing. I did not intend to suggest that I was fired for insisting on my right to have someone with me, because I never believed that that was what had happened. Having yielded to Mr. Jackson's insistence that I attend the next day's PIP meeting alone, I had abandoned my earlier stance and made clear that I would appear alone the following day. I was fired for the alleged insubordination of not agreeing with Mr. Jackson on an intellectual point.

> 21.) Although I consulted an attorney, I could not afford to retain one, and acted pro se in regard to the NLRB and MCAD. When I sought to add the Weingarten violation to my MCAD complaint, I thought it was relevant to my claim, but I did not retract the basis for the MCAD original complaint, which was discrimination based on race (Black), religion (Muslim) and age.

A preliminary administrative investigation is not a final agency decision in an adjudicatory proceeding, defined in G.L.c. 30A as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any

provision of the General Laws to be determined after opportunity for an agency hearing." <u>Young v. Massachusetts Com'n Against Discrimination</u>, 2000 WL 33159244 (Mass. Super. 2000) (McLaughlin, J.) (rejecting plaintiff's right to judicial review of a lack of probable cause finding).

The First Circuit has taken a case-by-case approach to the admissibility of EEOC and state human rights agency reports. <u>Patten v. Wal-Mart Stores East, Inc.</u>, 300 F.3d 21, 26-27 (1st Cir. 2002), cert. denied 539 U.S. 937 (2003). It is respectfully submitted that the court can perform its function as an independent fact-finder based on the evidence adduced in open court, and that the opinions of the MCAD and NLRB should be excluded.

<u>Multiple Damages</u>:

M.G.L.c. 151B, s. 9 provides, in relevant part: "If the court finds for the petitioner, recovery shall be in the amount of actual damages; or up to three, but not less than two, times such amount if the court finds that the act or practice complained of was committed with knowledge, or reason to know, that such act or practice violated the provisions of said section four."

In awarding double or treble damages, the trial court is not required to make specific findings that employer knew that its discriminatory conduct violated the Act; rather, it is required only to enter finding that employer satisfied the Act's knowledge element. <u>Koster v. Trans World Airlines, Inc.</u>, C.A. 1 (Mass.) 1999, 181 F.3d 24.

<u>Admissibility of Events Barred by the Statute of Limitations</u>:

In <u>Vesprini v. Shaw Industries</u>, 00-11311, Judge Gertner addressed this very issue:

" Accordingly, I find that [plaintiff] may only recover, if at all, for those events occurring after mid-February 1999 with regard to the ADEA, and for those occurring after June 7, 1999 with regard to the ch. 151B claim. However, whether independently actionable or not, the 1997

and 1998 statements and acts may be used as evidence bearing on the motivation of the defendants in the actionable time period." Citing United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977) (observing that "[a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences."); Sabree, 921 F.2d at 400 n.9; Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 572-573 (8th Cir. 1997) (evidence of incidents of sexual harassment that occurred outside statutory period admissible to establish hostile work environment); Kline v. City of Kansas City Fire Dep't, 175 F.3d 660, 664 (8th Cir. 1999) ("Even is a plaintiff is unable to show a continuing violation... instances of harassment occurring outside the limitations period may be admissible to provide relevant background to later discriminatory acts.")

        Respectfully submitted,
        the plaintiff,
        by his attorney:

        /s/ Gregory R. Barison
        _____
        Gregory R. Barison
        Weston Patrick, P.A.
        84 State Street / 11th Floor
        Boston, MA 02109
        BBO # 029340
        (617) 742-9310
        gbarison@comcast.net

May 22, 2007

Certificate of Service

I, Gregory R. Barison, certify that on May 22, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to defendant by electronically serving it counsel of record.

           /s/ Gregory R. Barison