UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. SULTAN,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON SERVICES GROUP,<br><br>        Defendants. | CIVIL ACTION No. 04 CV 11107 MLW |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff James M. Sultan's ("Sultan") motion for reconsideration presents no basis for disturbing the Court's May 15, 2007 Order excluding his damages expert, Edward Berger, from testifying at trial. As the Court recently explained, a motion for reconsideration should not be granted, absent extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). In his motion, Sultan does not put forth any argument as to why the Court should reconsider its Order. While he has submitted a revised expert report for Mr. Berger, Sultan does not contend that this revised report cures the deficiencies identified by the Court in its Order.

Nor could he, as the revised report suffers from the same flaws as the original. Mr. Berger apparently has testified about 50 times over the past four years in every Probate and Family Court in Massachusetts, east of and including Hampshire County. However, his revised report fails to identify those proceedings, as required by Rule 26(a)(2)(B).

This omission continues to be prejudicial to Defendant Verizon Services Group ("VSG"). Although Mr. Berger has now settled on a discount rate of 5%, which he contends is the yield on

B3358795.1

a 30-year Treasury bond, see Revised Report, p. 2, VSG has the right to know whether he has advocated for a higher discount rate or a different source for that rate in prior cases.

Berger asserts that "pension valuation people" often use the yield on 30-year Treasury bonds as the rate on a risk-free investment. However, Mr. Berger does not intend to testify about the value of any pension in this case. According to his report, his testimony will be limited to Sultan's alleged lost past and future income. VSG is entitled to know whether Mr. Berger has used a different discount rate or source for that rate in other cases when determining the present value of lost future income.

Further, while Mr. Berger's revised report now lists Sultan's earnings from other employers, he fails to identify the source of that information. See F.R.C.P. 26(a)(2)(B).

For these reasons, VSG respectfully requests that the Court deny Sultan's motion for reconsideration.

VERIZON SERVICES GROUP

By its attorneys,

s/ Robert A. Fisher
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 22, 2007

B3358795.1

- 2 -

CERTIFICATE OF SERVICE

    I, Robert A. Fisher, certify that on May 22, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

                                        s/ Robert A. Fisher