04-11107
USDX MH
Wolf, M.

# United States Court of Appeals
## For the First Circuit

No. 07-2118

JAMES M. SULTAN,

Plaintiff, Appellant,

v.

VERIZON SERVICES GROUP,

Defendant, Appellee.

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

JUDGMENT

Entered:    June 27, 2008

Pro se appellant James M. Sultan seeks review of the judgment, entered after bench trial in the district court, dismissing his age discrimination complaint against his former employer, appellee Verizon Services Group ("Verizon"). None of appellant's claims of error were properly preserved in the district court, which means that the claims have been forfeited on appeal.    In these circumstances, the judgment may be reversed only upon a showing of plain error, which is applied "stringently" in civil cases "to prevent a clear miscarriage of justice ... or when the error seriously affected the fairness, integrity or public reputation of judicial proceedings."  Trull v. Volkswagen of America, Inc., 320 F.3d 1, 5-6 (1st Cir. 2002), cert. denied, 540 U.S. 938 (2003) (quoting Romano v. U-Haul Int'l, 233 F.3d 655, 664 (1st Cir. 2000) (citations and internal quotation marks omitted), cert. denied, 534 U.S. 815 (2001)).  Our searching review of the trial record shows that there was no plain error and the judgment should be affirmed.

After 18 years working as a Systems Engineer for Verizon, appellant was discharged for insubordination on May 1, 2001, after he refused to attend a meeting in which a performance improvement plan ("PIP") was to be presented to him.    At trial, appellant

testified that his performance had always been satisfactory but that Verizon wanted to get rid of him because of his age (51), in order to replace him with younger, cheaper independent contractors. Verizon's witnesses included two of appellant's managers, as well as his group manager. Each of these witnesses testified at length about performance problems that began in 1999, as well as their efforts to assist appellant in improving his performance, including assigning appellant to a different manager and developing the PIP. This evidence was essentially uncontradicted at trial.     In addition, appellant's manager testified that because of his poor performance, if appellant had not been fired in May 2001, he would have been the first to be laid off in a reduction of force that occurred two months later, in July 2001.

Under Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34 (2005), in order to make out his prima facie age discrimination case under M.G.L. chapter 151B, § 9, among other things appellant had to show that he was terminated despite performing at an acceptable level before the lay-offs, in "circumstances that would raise a reasonable inference of unlawful discrimination."     444 Mass. at 533-34.     The district court found that appellant's managers were "honest" and "sincere" in their assessment of appellant's performance, and that the stated reasons for appellant's discharge were the real reasons, neither motivated by stereotypical views of age or by age discrimination, nor a pretext for age discrimination.     The district court's judgment is firmly grounded on the evidence presented at trial and we see no reason to disturb it.  Federal Refinance Co., Inc. v. Klock, 352 F.3d 16, 26-27 (1st Cir. 2003).

Although appellant's claims of error must be rejected because no objection was made in the district court, even if appellant had properly preserved the issues by raising the appropriate objections, the claims would fail.  We explain.  Not only did appellant's counsel not object to the introduction of his email communications with a prior attorney, trial counsel in fact stipulated to their introduction as a joint trial exhibit.     In these circumstances, there was no violation of attorney/client privilege.     Not only did appellant's counsel not ask to have appellant seated with him at counsel table during the trial, but no harm or prejudice has been shown by appellant's seating in the gallery.  Finally, not only did appellant's counsel not object to the designation of one of Verizon's witnesses as its corporate representative under Rule 615 of the Federal Rules of Evidence, there has been no showing that the witness's testimony was "tailored" in any respect.  Cf. Capeway Roofing Systems, Inc. v. Chao, 391 F.3d 56, 59 (1st Cir. 2004).

Appellant's claim that the district court erred when it failed to credit an "admission" made by one of appellant's managers in an

email fails because the email was never offered into evidence at trial, and counsel did not question any witness about it. The district court cannot be faulted for failing to consider evidence it never saw. In addition, there is also no indication that the district court improperly considered the substance of either appellant's National Labor Relations Board complaint against Verizon, or the letter from the N.L.R.B. dismissing that complaint. Finally, appellant's claims that the district court should not have believed Verizon's witnesses and should have believed appellant's testimony and the testimony of appellant's witness also fail.

Even if appellant had properly raised and preserved each of these claims in the district court, it is well-established that "a party who challenges a district court's findings of fact, arrived at after a bench trial, faces a steep uphill climb." Klock, 352 F.2d at 26-27. The trial court "sees and hears the witnesses first hand and comes to appreciate the nuances of the litigation in a way [that] appellate courts cannot hope to replicate." Cumpiano v. Banco Santander, 902 F.2d 148, 152 (1st Cir. 1990). As a result, "[i]f the district court's account of the evidence is plausible ... the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). The district court's credibility determinations and its account of the evidence are clearly plausible. There has been no miscarriage of justice in this case.

Verizon has moved for attorneys' fees and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure, arguing that this appeal is frivolous. "There is a strong presumption against imposing sanctions for invoking the processes of law." Lefebvre v. Commissioner of Internal Revenue, 830 F.2d 417, 420 (1st Cir. 1987). This is not a case where groundless litigation was pursued despite repeated warnings of possible sanctions, or where there has been unfounded delay or a gross abuse of our rules. "[N]ot all unmeritorious litigation is frivolous." Id. at 421. The motion is **denied**.

The judgment is **affirmed**.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Robert Fisher, Arthur Telegen, James Sultan